UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 17 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., a New York not-for-profit corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) Civil Action No. B-02-135<br>) |
| REX TRUCKING, INC., a Division of Louisiana Transportation, Inc. | )<br>)<br>) |
| Defendant. | ) |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the court's order of July 2, 2002 the parties above would show the court as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

The Rule 26(f) meeting was held by teleconference on September 10, 2002 at 2:30 P.M. between attorneys Stephen J. Chapman for the Plaintiff National Hispanic Circus and Patrick Sullivan for Defendant Rex Trucking.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

No related cases.

3. <u>Briefly</u> describe what this case is about.

    a. Plaintiff asserts that the Defendant Rex Trucking entered into an agreement to deliver Plaintiff's tractors and trailers, one of which contained a set of bleachers, to a scheduled performance in Chicago, Illinois from Harlingen, Texas. Defendant failed to deliver the bleachers prior to the scheduled performance on August 31, 2001 as a result of the trailers being stolen shortly after Rex Trucking, Inc. took exclusive possession of the trailers. As a result of the theft of the trailer and the loss of the bleachers, the Circus was delayed in setting up and was forced to rent bleachers to carry out its performances in Chicago. The cost of renting

replacement bleachers was $9,000.00. The rented bleachers, however, provided approximately 1/3rd fewer seats than the Circus' stolen bleachers. As a result of the fewer bleacher seats, the Circus suffered consequential damages of $6,000.00 per performance over twenty-six (26) performances for a total of $156,000.00. At the conclusion of the Circus' performance in Chicago, the bleachers had not yet been recovered, the Circus, therefore, had no alternative but to purchase new bleachers for the remainder of its 2001 National Tour. The Circus was required to purchase new bleachers from Canobbio, the Circus' Italian supplier for its tent and its bleachers, at a cost of $92,740.00. The Circus also incurred shipping costs in the amount of $36,104.46 for shipping the bleachers from Italy to the United States. The Plaintiff incurred damages totaling $293,844.46 as a result of the cost of rented bleachers ($9,000.00), the resulting loss of ticket sale revenues ($156,000.00) and the costs related to purchase and shipment of replacement bleachers ($128,844.46).

b. Defendant asserts that it is not the proper party to this suit. Defendant is not related to or associated with the entities which were allegedly responsible for the shipment. Defendant was not doing business as a division of Specialty Trucking, Inc.. Defendant did not contract with Plaintiff to provide any sort of service and did not provide any services to Plaintiff, nor did it receive any sort of compensation from Plaintiff.

4. Specify the allegation of federal jurisdiction.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. This Court has personal jurisdiction over the Defendant because the Defendant is a Texas Corporation and entered the contract and provided services to the Plaintiff in the State of Texas.

5. Name the parties who disagree and the reasons.

There are presently no parties that disagree with jurisdiction in this cause.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

On information and belief, Plaintiff understands that Rex Trucking was either purchased by a company named Louisiana Transportation, Inc. or is a subsidiary of that company. After relevant discovery is taken, Plaintiff may add Louisiana Transportation, Inc. as a party to this suit.

It is Defendant's position that it is not a proper party to this suit and that it should be dismissed and the party which is responsible for the actions, joined in its stead. Defendant does not know who the proper party is because it was not involved in the transaction. However, it is anticipated that the correct party will need to be added to this action.

7. List anticipated interventions.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial Disclosures shall be provided by each party by September 27, 2002.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f):

   (1) The parties agree that initial disclosures under Rule 26(a)(1) shall be due September 27, 2002.

   (2) Plaintiff expects that discovery will require three to four depositions of defendant's officers, employees, representatives and/or agents concerning the terms of the contract and the parties thereto, as well as the events surrounding the loss of the trailer and bleachers and resultant damages. Additionally, Plaintiff believes that two (2) sets of interrogatories, requests for production and request for admissions may be necessary.

   Defendant anticipates filing a motion for summary judgment or other dispositive motion to remove it from this action as it is not a proper party. However, should a defense of the cause beyond the proper party issue be required, Defendant will need to conduct depositions of Plaintiff's witness concerning the contract and performance thereof, as well as depositions of Plaintiff's experts. Defendant may also need to issue two (2) sets of interrogatories, requests for production and requests for admission.

   Discovery should be completed no later than March 17, 2003. The parties see no need to conduct discovery in phases and discovery should only be limited to those issues raised by the complaint and answer.

   (3) The parties request no limitations on discovery and to proceed with discovery as allowed under the FRCP.

   (4) The parties do not presently contemplate any other orders that should be entered by the court under Rule 26(c) or 16(b) and (c).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff foresees interrogatories to Defendant Rex Trucking within 30 days of the court's scheduling conference.

C.    When and to whom the defendant anticipates it may send interrogatories.

        Defendant foresees issuing interrogatories to Plaintiff should the proper party not be resolved in the near future.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

        Plaintiff anticipates taking the deposition of the President of Rex Trucking, and any other officers, employees, representatives or agents of Rex Trucking by February of 2003.

E.    Of whom and by when the defendant anticipates taking oral deposition.

        Defendant anticipates taking the depositions of Plaintiff's principals and employees involved in the transaction, should the proper party issue not be resolved. Said depositions should be completed by mid-February 2003.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Plaintiffs will designate experts and provide reports by January 13, 2003.

        Defendants will designate responsive experts by February 13, 2003 and provide reports by February 28, 2003.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Should Defendant designate an expert Plaintiff foresees depositions by March 17, 2003.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant anticipates completing expert depositions by March 17, 2003.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

4

No disagreements at present.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   None.

13. State the date the planned discovery can reasonably be completed.

   March 17, 2003.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   Plaintiff anticipates actively pursuing good faith settlement negotiations concerning this matter and agrees that such a settlement is reasonably foreseeable. Defendant is of the position that it had absolutely no involvement in the issues which give rise to the suit and should therefore be dismissed, but will work towards settlement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The parties have just commenced this action and other than some preliminary correspondence no formal settlement proposals have been made as of yet.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   Plaintiff feels that mediation will be useful in facilitating a settlement. Defendant does not feel that mediation is appropriate at this point given its position that it is not a proper party to the suit.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties do not agree to a trial before the Magistrate at present.

18. State whether a jury demand has been made and if it was made on time.

   Plaintiff made a timely jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

5

24-32 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

No pending motions.

21. List other motions pending.

No other matters pending

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None at present.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

Plaintiff's counsel:

Roger Albright
(Bar No. 009 745 80)
Law Offices of Roger Albright
3301 Elm Street
Dallas, Texas 75226-1637
(214) 939-9222
(214) 939-9229 Fax

Stephen J. Chapman
(Bar No. 240 018 70)
Barker Leon Fancher Matthys, LLP
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217
FAX: (361) 882-6590

Defendant's counsel:

G. Stephen Parrott
(Bar No. 155 40 500)

Patrick Sullivan
(Bar No. 007 91 758)

6

Hoover Slovaceck, LLP.
5847 San Felipe, Suite 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395) Facsimile

_____
Stephen J. Chapman
Roger Albright
Counsel for Plaintiff(s)

9/16/02
Date

_____
Patrick Sullivan
Counsel for Defendant(s)

9/16/02
Date

7