United States District Court
Southern District of Texas
FILED

JAN 1 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC. A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Plaintiff | § § § § § | |
| V. | § § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION, AND THE MASON AND DIXON LINES, INC. A MICHIGAN CORPORATION<br>Defendants | § § § § § § | JURY DEMANDED |

### DEFENDANT, THE MASON AND DIXON LINES, INC.'S ORIGINAL ANSWER AND JURY DEMAND

COMES NOW, Defendant, THE MASON AND DIXON LINES, INC. ("Defendant") and pursuant to Rule 8 of the Fed. R. Civ. P., files its Original Answer to Plaintiff, THE NATIONAL HISPANIC CIRCUS, INC.'S ("Plaintiff"), First Amended Complaint and Jury Demand ("Complaint") and would respectfully show this Court the following:

I.

### DEFENDANT'S ANSWER

#### INTRODUCTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff alleges that this action arises from Rex Trucking, Inc. ("Rex") and/or Defendant's alleged failure to deliver Plaintiff's bleachers prior to Plaintiff's scheduled performance in Chicago, Illinois on August 31, 2001, as a result of trailers being allegedly stolen shortly after Rex and/or Defendant allegedly took exclusive possession of the

1

trailer containing the bleachers. However, Defendant denies any inference that the claims or causes of actions alleged in the Complaint are supportable under the facts or law.

3. Defendant denies the averments contained in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff seeks redress for financial losses and damages it allegedly suffered as a result of the loss of the trailer and bleachers. However, Defendant denies any inference that the alleged claims or causes of action are supportable under the facts or law.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiff affirmatively pleads that it seeks monetary damages and other relief in excess of $75,000.00, exclusive of costs and interest. Further, Defendant admits that the controversy is between citizens of different States.

6. Defendant denies that Defendant entered into a contract and provided services to Plaintiff in the State of Texas.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Pargraph 7 of the Complaint.

## THE PARTIES

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 9 of the Complaint.

10. Defendant admits the averment contained in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 12 of the Complaint as it relates to Rex. As Paragraph 12 relates to Defendant, Defendant denies the averment contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 13 of the Complaint as it relates to Rex. As Paragraph 13 relates to Defendant, Defendant denies the averment contained therein.

14. Defendant denies the averment contained in Paragraph 14 of the Complaint.

15. Defendant admits that the trailer and bleachers never arrived in Chicago. However, Defendant denies the remaining averments contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding a delay, if any, in setting up for the circus. However, Defendant admits that Plaintiff rented bleachers at a cost of $9,000.00

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 18 of the Complaint as that Paragraph relates to the number of performances. Further, Defendant denies that Plaintiff suffered consequential damages of $6,000.00 per performance over the course of twenty-six (26) performances. Additionally, Defendant denies that Plaintiff is entitled to recover consequential damages under the terms of the contract it allegedly entered into with Rex.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff, through its attorneys, made a demand of $293,844.46. However, Defendant denies that Defendant owes this amount to Plaintiff for failure to transport and deliver the bleachers.

23. Defendant denies the averment contained in Paragraph 23 of Plaintiff's Complaint. Specifically, Defendant states that it paid for the cost of renting replacement bleachers.

## FIRST CLAIM FOR RELIEF (COUNT I)
## BREACH OF AGREEMENT

24. Defendant directs the Court to its specific responses for each Paragraph referenced in Paragraphs 1 through 23.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies that an agreement existed between it and Plaintiff, entitling Plaintiff to loss of ticket sale revenues in the amount of $156,000.00.

27. Defendant denies that an agreement existed between it and Plaintiff, entitling Plaintiff to payment for the purchase and shipment of the new bleachers in the amount of $128,844.46.

28. Defendant denies the averment contained in Paragraph 28 of the Complaint.

29. Defendant denies the averment contained in Paragraph 29 of the Complaint.

## JURY DEMAND

30. The averment contained in Paragraph 30 does not require a response.

31. The Defendant denies Plaintiff's Prayer for Relief.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32. Pleading further, and by way of additional defense, Defendant states that the matters made the basis of this lawsuit, as well as any damages alleged or complained of in Plaintiff's Complaint, were caused, in whole or in part, by the acts, omissions, or other conduct of Plaintiff or other third parties over whom Defendant has no control.

### SECOND AFFIRMATIVE DEFENSE

33. Pleading further, and by way of additional defense, Defendant states that Plaintiff failed to mitigate and reduce its damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

34. Pleading further, and by way of additional defense, Defendant states the Carmack Amendment, 49 U.S.C. §14701 et seq., applies in that the contract entered into between the parties, if any, required a bill of lading.

### FOURTH AFFIRMATIVE DEFENSE

35. Pleading further, and by way of additional defense, Defendant asserts the defenses contained in 42 U.S.C. §14706. Specifically, Defendant asserts that the public enemy was the cause of the loss suffered by Plaintiff, if any.

### FIFTH AFFIRMATIVE DEFENSE

36. Pleading further, and by way of additional defense, Defendant asserts the defenses contained in 42 U.S.C. §14706. Specifically, Defendant asserts that Plaintiff was the cause of the loss suffered by Plaintiff, if any.

WHEREFORE, PREMISES CONSIDERED, Defendant, MASON AND DIXON LINES, INC., prays that Plaintiff take nothing by Plaintiff's suit against Defendant, that Defendant be discharged with its costs and attorneys' fees and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

JEANSONNE & REMONDET, L.L.C.

By: _____
Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
ATTORNEY-IN-CHARGE
1200 Smith Street, Suite 2265
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

ATTORNEY FOR DEFENDANT,
THE MASON AND DIXON LINES

OF COUNSEL:

JEANSONNE & REMONDET, L.L.C.
1200 Smith Street, Suite 2265
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or via facsimile on this the 14 day of January 2003.

Roger Albright
LAW OFFICES OF ROGER ALBRIGHT
3301 Elm Street
Dallas, Texas 75226-1637
**VIA CM/RRR# 7001 1940 0003 9532 2033**

Stephen J. Chapman
BARKER, LEON, FANCHER & MATTHYS, L.L.P.
Tower II- Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
**VIA CM/RRR# 7001 1940 0003 9532 2040**

G. Stephen Parrott
HOOVER SLOVACEK, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057
**VIA CM/RRR# 7002 2410 0005 0628 0047**

_____
Michael A. Pita