*18*

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., a New York not-for-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.  B-02-135 |
| REX TRUCKING, INC., AND THE MASON AND DIXON LINES, INC. | ) ) ) ) | |
| DefendantS. | ) | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the court's order of July 2, 2002 the parties above would show the court as follows:

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

The Rule 26(f) meeting was held by teleconference on February 14, 2003 at 3:00 P.M. between attorneys Stephen J. Chapman for the Plaintiff National Hispanic Circus, Patrick Sullivan for Defendant Rex Trucking, and Michael Pita for Defendant Mason & Dixon Lines.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

No related cases.

3.   Briefly describe what this case is about.

a.   Plaintiff asserts that the Defendant Rex Trucking and/or The Mason & Dixon Lines or one of its divisions entered into an agreement to deliver Plaintiff's tractors and trailers, one of which contained a set of bleachers, to a scheduled performance in Chicago, Illinois from Harlingen, Texas.  Defendant failed to deliver the bleachers prior to the scheduled performance on August 31, 2001 as a result of the trailers being stolen shortly after Rex Trucking, Inc. took exclusive possession of the trailers.  As a result of the theft of the trailer and the loss of the bleachers, the Circus was delayed in setting up and was forced to rent bleachers to carry out its performances in Chicago.  The cost of renting replacement bleachers

was $9,000.00. The rented bleachers, however, provided approximately 1/3rd fewer seats than the Circus' stolen bleachers. As a result of the fewer bleacher seats, the Circus suffered consequential damages of $6,000.00 per performance over twenty-six (26) performances for a total of $156,000.00. At the conclusion of the Circus' performance in Chicago, the bleachers had not yet been recovered, the Circus, therefore, had no alternative but to purchase new bleachers for the remainder of its 2001 National Tour. The Circus was required to purchase new bleachers from Canobbio, the Circus' Italian supplier for its tent and its bleachers, at a cost of $92,740.00. The Circus also incurred shipping costs in the amount of $36,104.46 for shipping the bleachers from Italy to the United States. The Plaintiff incurred damages totaling $293,844.46 as a result of the cost of rented bleachers ($9,000.00), the resulting loss of ticket sale revenues ($156,000.00) and the costs related to purchase and shipment of replacement bleachers ($128,844.46).

b.      Defendant Rex Trucking asserts that it is not the proper party to this suit. Defendant is not related to or associated with the entities which were allegedly responsible for the shipment. Defendant was not doing business as a division of Specialty trucking, Inc.. Defendant did not contract with Plaintiff to provide any sort of service and did not provide any services to Plaintiff, nor did it receive any sort of compensation from Plaintiff.

c.      Defendant, the Mason & Dixon Lines asserts that it is not responsible for temporary loss of the bleachers, if any, as the loss, if any, was caused by a third-party or parties not under the control of the Mason & Dixon lines. Additional, the Mason & Dixon lines assert that the renting of the replacement bleachers has already been paid for by one or more of the defendants. Further, the Mason & Dixon lines asserts that the damages, if any, asserted by Plaintiff, were not reasonable, or necessary and that Plaintiff is not entitled to the damages it seeks.

4.    Specify the allegation of federal jurisdiction.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. This Court has personal jurisdiction over the Defendant because the Defendant Rex Trucking is a Texas Corporation. Further, Plaintiff alleges that Defendant Rex Trucking entered the contract and provided services to the Plaintiff in the State of Texas. Defendant Mason & Dixon Lines, a Michigan Corporation has been identified as purchasing Rex Trucking around the time of the Texas Transaction and does business in the State of Texas.

Defendant Mason & Dixon Lines alleges the Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this matter falls within the ambit of 49 U.S.C. §14706, et seq. ("the Carmack Amendment") Specifically, the contract entered into between the parties, if any, required a bill of lading. As such, the Carmack Amendment applies to this transaction.

5.    Name the parties who disagree and the reasons.

Defendant Rex Trucking asserts that venue in Brownsville is inappropriate given
that it is located in Harris County, Texas and that the remaining Defendant is
from Michigan and the Plaintiff is a foreign entity.  Accordingly, It is Defendant
Rex Trucking's position that this matter should be transferred to the Southern
District of Texas, Houston Division.

6.    List anticipated additional parties that should be included, when they can be
added, and by whom they are wanted.

On information and belief, Plaintiff understands that a company named Louisiana
Transportation, Inc. may also be a party.  In response to an earlier NHC written
complaint counsel for Defendant Mason & Dixon Lines responded on behalf of
Rex Trucking.  Plaintiff believes Louisiana Transport has some connection to Rex
Trucking and is suspected to be a division or subsidiary of the Mason & Dixon
Lines. After relevant discovery is taken, Plaintiff may add Louisiana
Transportation, Inc. as a party to this suit.

7.    List anticipated interventions.

None.

8.    Describe class-action issues.

None.

9.    State whether each party represents that it has made the initial disclosures
required by Rule 26(a).  If not, describe the arrangements that have been made to
complete the disclosures.

Initial Disclosures shall be provided by each party by March 7, 2003,

10.    Describe the proposed agreed discovery plan, including:

A.    Responses to all the matters raised in Rule 26(f).

(1) The parties agree that initial disclosures under Rule 26(a)(1) shall be
due March 7, 2003.

(2) Plaintiff expects that discovery will require three to four depositions of
defendant's officers, employees, representatives and/or agents concerning
the terms of the contract and the parties thereto, as well as the events
surrounding the loss of the trailer and bleachers and resultant damages.

Additionally, Plaintiff believes that two (2) sets each of interrogatories, requests for production and request for admissions may be necessary to establish the parties, facts and the sale of Rex Trucking.

(3) Defendant Rex Trucking anticipates filing a motion for summary judgment or other dispositive motion to remove it from this action as it is not a proper party. However, should a defense of the cause beyond the proper party issue be required, Defendant will need to conduct depositions of Plaintiff's witness concerning the contract and performance thereof, as well as depositions of Plaintiff's experts. Defendant may also need to issue two (2) sets of interrogatories, requests for production and requests for admission.

(4) Defendant, the Mason & Dixon Lines expects discovery will require three (3) or (4) depositions of the Plaintiff's officers, employees, representatives, and/or agents concerning the terms of the contract and the parties thereto, as well as the events surrounding the alleged loss of the trailers and bleachers and the resulting damages, if any. Additionally, Defendant expects the need to issue interrogatories, requests for production and request for admissions to Plaintiff to establish the factual basis of Plaintiff's claims.

Discovery should be completed no later than August 29, 2003. The parties see no need to conduct discovery in phases and discovery should only be limited to those issues raised by the complaint and answers.

(3) The parties request no limitations on discovery and to proceed with discovery as allowed under the FRCP.

(4) The parties do not presently contemplate any other orders that should be entered by the court under Rule 26(c) or 16(b) and (c).

B.    When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff foresees interrogatories to Defendants Rex Trucking and Mason & Dixon Lines within 30 days of the court's scheduling conference.

C.    When and to whom the defendant anticipates it may send interrogatories.

Defendant Rex Trucking foresees issuing interrogatories to Plaintiff should the proper party not be resolved in the near future.

Defendant, Mason & Dixon Lines, anticipates sending disclosure to Plaintiff within thirty (30) days of the Court's scheduling conference.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the deposition of the officers, employees, representatives or agents of Mason & Dixon Lines and Rex Trucking by July 31, 2003.

E.     Of whom and by when the defendant anticipates taking oral depositions.

Defendant Rex Trucking anticipates taking the depositions of Plaintiff's principals and employees involved in the transaction, should the proper party issue not be resolved. Said depositions should be completed by July 31, 2003.

Defendant, Mason & Dixon Lines, anticipates taking the depositions of Plaintiff's agents, employees, and representatives involved in the transaction and disappearance, if any, of the truck and the purchasing of additional bleachers.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts and provide reports by June 20, 2003.

Defendants will designate responsive experts by July 18 and provide reports by August 1, 2003.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Should Defendant designate an expert Plaintiff foresees depositions by August 29, 2003.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates completing expert depositions by July 31.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

No disagreements at present.

Joint Case Management Plan

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13.    State the date the planned discovery can reasonably be completed.

    August 29, 2003.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiff anticipates actively pursuing good faith settlement negotiations concerning this matter and agrees that such a settlement is reasonably foreseeable.

    Defendant Rex Trucking is of the position that it had absolutely no involvement in the issues which give rise to the suit and should therefore be dismissed, but will work towards settlement.

    While not admitting liability, Defendant, Mason & Dixon Lines will work, in good faith, to settle this matter. (Pita Changes)

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have just commenced this action and other than some preliminary correspondence no formal settlement proposals have been made as of yet.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiff feels that mediation will be useful in facilitating a settlement.

    Defendant Rex Trucking does not feel that mediation is appropriate at this point given its position that it is not a proper party to the suit.

    While not admitting liability, Defendant, Mason & Dixon Lines states that after discovery is conducted in this matter, mediation will be a useful mechanism for settling this matter.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to a trial before the Magistrate at present.

Joint Case Management Plan

18.    State whether a jury demand has been made and if it was made on time.

      Plaintiff made a timely jury demand.

19.    Specify the number of hours it will take to present the evidence in this case.

      24-32 hours.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

      No pending motions.

21.    List other motions pending.

      No other motions pending

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

      Discovery may need to be conducted on the proper party issue, prior to a full prosecution/defense of the case.

23.    List the names, bar numbers, addresses and telephone numbers of all counsel.

      Plaintiff National Hispanic Circus, Inc.'s counsel:

      Stephen J. Chapman
      (Bar No. 240 018 70)
      Barker Leon Fancher Matthys, LP
      Tower II, Suite 1200
      555 N. Carancahua St.
      Corpus Christi, Texas 78478
      (361) 881-9217; FAX: (361) 882-6590

Defendant Rex Trucking, Inc.'s counsel:

G.  Stephen Parrott
(Bar No.  155 40 500)

Patrick Sullivan
(Bar No.  007 91 758)

Hoover Slovaceck, LLP.
5847 San Felipe, Suite 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395) Facsimile


Defendant Mason and Dixon Lines, Inc.'s Counsel:

Michael A. Pita
ATTORNEY-IN-CHARGE
State Bar No. 24034628
Federal Bar No. 32169
Jeansonne & Remondet
1200 Smith Street, Suite 2265
Houston, Texas 77002
Telephone:  (713) 752-0300
Telecopier:  (713) 752-0410

_____          2/17/03
Stephen J. Chapman                                        Date
Counsel for National Hispanic Circus, Inc.

_____          2/17/03
Patrick Sullivan                                              Date
Counsel for Rex Trucking, Inc.

_____          2/17/03
Michael Pita                                                  Date
Counsel for Mason and Dixon Lines, Inc.'s

Joint Case Management Plan
8