IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 17 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC. A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Plaintiff | §<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION, AND THE MASON AND DIXON LINES, INC. A MICHIGAN CORPORATION<br>Defendants | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

### DEFENDANT, THE MASON AND DIXON LINES, INC.'S
### SECOND AMENDED ANSWER AND COUNTERCLAIM

COMES NOW, Defendant, THE MASON AND DIXON LINES, INC. ("Defendant") and files this, its Second Amended Answer and Counterclaim to Plaintiff, THE NATIONAL HISPANIC CIRCUS, INC.'S ("Plaintiff"), Second Amended Complaint and Jury Demand (the "Complaint") and specifically adopts, reasserts, realleges, and re-avers as follows:

I.

### DEFENDANT'S SECOND AMENDED ANSWER

### INTRODUCTION

1.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 1 of the Complaint.

2.   Defendant admits that Plaintiff alleges that this action arises from Rex Trucking, Inc. ("Rex") and/or Defendant's alleged failure to deliver Plaintiff's bleachers prior to Plaintiff's scheduled performance in Chicago, Illinois on August 31, 2001, as a result of trailers being allegedly stolen shortly after Rex and/or Defendant allegedly took exclusive possession of the

1

trailer containing the bleachers. However, Defendant denies any inference that the claims or causes of actions alleged in the Complaint are supportable under the facts or law.

3. Defendant admits that Rex Trucking and/or its assets were purchased by the Mason and Dixon Lines, Inc. However, Defendant is without knowledge as to form a belief as to the specific date of the purchase.

4. Defendant admits that Plaintiff seeks redress for financial losses and damages it allegedly suffered as a result of the loss of the trailer and bleachers. However, Defendant denies any inference that the alleged claims or causes of action are supportable under the facts or law.

II.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiff affirmatively pleads that it seeks monetary damages and other relief in excess of $75,000.00, exclusive of costs and interest. Further, Defendant admits that the controversy is between citizens of different States.

6. Defendant denies that Defendant entered into a contract and provided services to Plaintiff in the State of Texas.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 7 of the Complaint.

III.

## THE PARTIES

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 9 of the Complaint.

10. Defendant admits the averment contained in Paragraph 10 of the Complaint.

IV.

## FACTUAL ALLEGATIONS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 12 of the Complaint as it relates to Rex. As Paragraph 12 relates to Defendant, Defendant denies the averment contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 13 of the Complaint as it relates to Rex. As Paragraph 13 relates to Defendant, Defendant denies the averment contained therein.

14. Defendant denies the averment contained in Paragraph 14 of the Complaint.

15. Defendant admits that the trailer and bleachers never arrived in Chicago. However, Defendant denies the remaining averments contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding a delay, if any, in setting up for the circus. However, Defendant admits that Plaintiff rented bleachers at a cost of $9,000.00

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 18 of the Complaint as that Paragraph relates to the number of performances. Further, Defendant is without knowledge or information sufficient to form a belief as to the subsequent damages, if any, that resulted from the alleged loss of the bleachers. Additionally, Defendant denies that Plaintiff is entitled to recover

consequential damages under the terms of the contract it allegedly entered into with Rex and/or for Defendant.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff, through its attorneys, made a demand of $293,844.46. However, Defendant denies that Defendant owes this amount to Plaintiff for failure to transport and deliver the bleachers.

23. Defendant denies the averment contained in Paragraph 23 of the Complaint. Specifically, Defendant states that it paid for the cost of renting replacement bleachers.

V.

## FIRST CLAIM FOR RELIEF (COUNT 1)

## CARMACK AMENDMENT

24. Defendant denies that it violated the Carmack Amendment, 49 U.S.C. §14701. By way of further of pleading, Defendant denies that Plaintiff was required to purchase replacement bleachers.

## VI.

## SECOND CLAIM FOR RELIEF (COUNT II)

## BREACH OF AGREEMENT

25. Defendant reasserts each and every response to Paragraph 1 through 24 of the Complaint with the same force and effect as it set forth in full herein.

26. Defendant denies the averment confainted in Paragraph 26 of the Complaint.

27. Defendant denies that an agreement existed between it and Plaintiff, entitling Plaintiff to loss of ticket sale revenues in the amount of $156,000.00.

28. Defendant denies that an agreement existed between it and Plaintiff, entitling Plaintiff to payment for the purchase and shipment of the new bleachers in the amount of $128,844.46.

29. Defendant denies the averment contained in Paragraph 29 of the Complaint.

30. Defendant denies the averment contained in Paragraph 30 of the Complaint.

## VII.

## JURY DEMAND

31. Defendant denies the averment contained in Paragraph 31 of the Complaint.

32. The Defendant denies Plaintiff's Prayer for Relief.

## VIII.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

33. Pleading further, and by way of additional defense, Defendant states that the matters made the basis of this lawsuit, as well as any damages alleged or complained of in the Complaint, were caused, in whole or in part, by the acts, omissions, or other conduct of Plaintiff or other third parties over whom Defendant had no control.

## SECOND AFFIRMATIVE DEFENSE

34. Pleading further, and by way of additional defense, Defendant states that Plaintiff failed to mitigate and reduce its damages as required by law.

## THIRD AFFIRMATIVE DEFENSE

35. Pleading further, and by way of additional defense, Defendant states the Carmack Amendment, 49 U.S.C. §14701 et seq., applies in that the contract entered into between the parties, if any, required a bill of lading.

## FOURTH AFFIRMATIVE DEFENSE

36. Pleading further, and by way of additional defense, Defendant asserts the defenses contained in 42 U.S.C. §14706. Specifically, Defendant asserts that the public enemy was the cause of the loss suffered by Plaintiff, if any.

## FIFTH AFFIRMATIVE DEFENSE

36. Pleading further, and by way of additional defense, Defendant asserts the defenses contained in 42 U.S.C. §14706. Specifically, Defendant asserts that Plaintiff was the cause of the loss suffered by Plaintiff, if any.

## SIXTH AFFIRMATIVE DEFENSE

37. Pleading further, and by way of additional defense, Defendant asserts that it is entitled to a setoff and/or recoupment for monies owed by Plaintiff to defendant for successful delivery of Plaintiff's property totaling $18,485.00.

## V.

## COUNTERCLAIM

COMES NOW, THE MASON AND DIXON LINES, INC. ("Counter-Plaintiff"), for its counterclaim against THE NATIONAL HISPANIC CIRCUS, INC. ("Counter-Defendant") and avers as follows:

## FIRST CAUSE OF ACTION

38.  Made defendant in counterclaim is **THE NATIONAL HISPANIC CIRCUS, INC.**

39.  On or about August 27, 2001, Counter-Defendant entered into an agreement with Counter-Plaintiff to provide services in the form of hauling Counter-Defendant's property from Harlingen, Texas to Chicago, Illinois.

40.  Despite allegations to the contrary, and without admission of any fault on the part of Counter-Plaintiff, the bulk of the property hauled by Counter-Plaintiff arrived in Chicago on or before the date and time scheduled for its arrival.

41.  Following delivery, Counter-Defendant tendered a Check in the amount of $18,485.00 representing the amounts owed to Counter-Plaintiff for the services provided.

42.  However, prior to negotiation of the instrument by Counter-Plaintiff, payment on the instrument was stopped at the request of Counter-Defendant.

43.  Said instrument represented payment for services not in dispute as well as those in dispute.

44.  To that end, Counter-Plaintiff has not been paid for the services provided.

45.  Counter-Plaintiff asserts that Counter-Defendant is indebted to Counter-Plaintiff in the amount of $18,485.00.

46.  Despite amicable demand, Counter-Defendant has failed to pay the amounts owed.

WHEREFORE, Counter-Plaintiff, **THE MASON & DIXON LINES, INC.**, prays that there be judgment herein in favor of Counter-Plaintiff and against the Counter-Defendant, **THE NATIONAL HISPANIC CIRCUS, INC.**, in the full and true sum of $18,485.00, together with

legal interest from judicial demand until paid and for all such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

                        Respectfully Submitted,

                        *JEANSONNE & REMONDET, L.L.C.*

                        By: _____
                        Michael A. Pita
                        State Bar No. 24034628
                        Federal Bar No. 32169
                        ATTORNEY-IN-CHARGE
                        1200 Smith Street, Suite 2265
                        Houston, Texas 77002
                        Telephone: (713) 752-0300
                        Telecopier: (713) 752-0410

                        **ATTORNEY FOR DEFENDANT,
                        THE MASON AND DIXON LINES**

<u>OF COUNSEL:</u>

JEANSONNE & REMONDET, L.L.C.
1200 Smith Street, Suite 2265
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or via facsimile on this the 16th day of July 2003.

Roger Albright
LAW OFFICES OF ROGER ALBRIGHT
3301 Elm Street
Dallas, Texas 75226-1637
<u>VIA CM/RRR# 7003 0500 0004 6564 6257</u>

Stephen J. Chapman
BARKER, LEON, FANCHER & MATTHYS, L.L.P.
Tower II- Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
<u>VIA CM/RRR # 7003 0500 0004 6465 6264</u>

G. Stephen Parrott
HOOVER SLOVACEK, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057
<u>VIA CM/RRR # 7003 0500 0004 6465 6271</u>

_____
Michael A. Pita