IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**DEC 1 5** 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A New York not-for-profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION No. B-02-135 |
| REX TRUCKING, INC., a Texas Corporation, and THE MASON AND DIXON LINES, INC., a Michigan Corporation | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, plaintiff makes this motion *in limine*. Plaintiff seeks to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this cause. If defendant injects these matters into the trial of this cause through a party, an attorney, or a witness, defendant will cause irreparable harm to plaintiff's cause, which no jury instruction would cure. If any of these matters are brought to the attention of the jury, directly or indirectly, plaintiff would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, plaintiff urges this motion *in limine*.

Plaintiff asks the court, by entering the attached order, to prohibit defendant by offering any of this evidence without first asking for a ruling from the court on the admissibility of the evidence, out of the presence of the jury.

PLAINTIFF'S MOTION IN LIMINE PAGE 1

1.      That a Motion in Limine has been filed, or any ruling by the court in response to this Motion, suggesting or inferring to the jury that the Plaintiff has moved to prohibit proof or that the Court has excluded proof on any particular matters.

AGREED:                         YES                         NO

2.      Any confidential information, communication, or document protected by the attorney-client privilege between Plaintiff and counsel unless and until the Court has ruled expressly that such privilege has been waived.

AGREED:                         YES                         NO

3.      Any assertions made by Plaintiff's attorneys that a discovery request or deposition question was subject to the privilege for confidential communications between plaintiff and plaintiff's attorneys.

AGREED:                         YES                         NO

4.      Any question which would require an instruction from counsel not to answer based upon the attorney-client privilege.

AGREED:                         YES                         NO

5.      Any settlement demand or offer of settlement which has been made, including any reference to the fact that such lawsuit could not be or was not settled, mediated, compromised, resolved, or that the Plaintiff made or did not make a settlement offer.

AGREED:                         YES                         NO

6.    The probable testimony of a witness who has not testified by deposition in this case or who will not be a witness at this trial.

AGREED:                    YES                    NO

7.    Any comment upon the failure of counsel to call witnesses who were subject to subpoena for deposition or trial and available to both parties in this cause.

AGREED:                    YES                    NO

8.    Any comment on the availability of any witness or offer to make available any witness Plaintiff calls by deposition.

AGREED:                    YES                    NO

9.    Any reference to the purported testimony of a witness, or calling as a witness at trial, any person who was not identified in Defendant's original or supplemental answers to Plaintiff's interrogatories as a person with knowledge of relevant facts.

AGREED:                    YES                    NO

10.    Any reference to the purported testimony of an expert witness, or calling as an expert witness at trial, any person who was not identified as an expert witness in Defendant's original or supplemental answers to plaintiff's interrogatories.

AGREED:                    YES                    NO

11.     Any reference to any purported mental impressions, opinions or the bases therefor of an expert witness unless those impressions, opinions and bases were fully disclosed in the expert's report submitted pursuant to discovery or the orders of the court.

AGREED:                         YES                         NO

12.     Any and all testimony of persons designated as experts with regard to areas not properly designated in response to interrogatories or in their expert reports.

AGREED:                         YES                         NO

13.     The fact that either party filed a motion for summary judgment or any rulings thereon.

AGREED:                         YES                         NO

14.     Any videotape, movie film, sound recording, prepared written exhibits, diagrams, drawings or scale models unless first produced for inspection by defendant's counsel outside the sight, presence and hearing of the jury. Prior to inspection, such exhibits should not be placed in or around the courtroom in areas where jurors would reasonable be expected to view such exhibits.

AGREED:                         YES                         NO

15.     Any request in the presence of the juror that Plaintiff, Plaintiff's attorneys or witnesses called by them, produce any document.

PLAINTIFF'S MOTION IN LIMINE PAGE 4

AGREED:          YES          NO

16.      Any request that Plaintiff's attorneys produce documents or other things in open court.

AGREED:          YES          NO

17.      Any mention or reference to any practice areas of the attorneys in this case.

AGREED:          YES          NO

18.      Any reference or attempt to read to the jury any non-relevant exchanges between counsel during depositions for the reason that same are irrelevant.

AGREED:          YES          NO

19.      Any reference, in whole or in part, to any discussions among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury.

AGREED:          YES          NO

20.      Any request that Plaintiff's attorneys stipulate to any matter in open court.

AGREED:          YES          NO

21.    Any reference to any claims asserted by Plaintiff and later abandoned.

AGREED:                        YES                        NO

22.    Any evidence defendant did not produce in discovery. Defendant should not be permitted to present any witness, defendant did not name in interrogatories or any evidence defendant failed to produce in response to any discovery.

AGREED:                        YES                        NO

23.    Any attempt to elicit testimony from plaintiff about communications with plaintiff's lawyers. Such communications are privileged.

AGREED:                        YES                        NO

24.    Any comment by defendant's attorney that informs the jury of the effect of its answers to the questions in the charge.

AGREED:                        YES                        NO

25.    Before the court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

AGREED:                        YES                        NO

26.    Any mention the parties engaged in settlement negotiations.

AGREED:                        YES                        NO

PLAINTIFF'S MOTION IN LIMINE PAGE 6

For these reasons, plaintiff asks the court to instruct defendant and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court outside the presence or hearing of the jury, and further instruct defendant and all counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

BARKER, LEON, FANCHER
& MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Stephen J. Chapman
State Bar No. 24001870
Attorneys for Defendant
National Hispanic Circus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the __12th__ day of __December__, 2003, to all counsel of record as follows:

Mr. Michael Pita
State Bar No. 24001870
Federal Bar No. 32169
Jeansonne & Remondet
1200 Smith, Suite 2220
Houston, Texas 77002

Stephen J. Chapman

PLAINTIFF'S MOTION IN LIMINE PAGE 7