

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC. A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　Plaintiff | § § § § § | |
| V. | § § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION<br>　　Defendant | § § § § | |
| AND | § § | |
| THE MASON AND DIXON, LINES, INC. A MICHIGAN CORPORATION<br>　　Defendant/Counter-Plaintiff | § § § § | JURY DEMANDED |
| V. | § § | |
| THE NATIONAL HISPANIC CIRCUS, A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　Counter-Defendant. | § § § § | |

### DEFENDANT, THE MASON AND DIXON LINES, INC.'S, MOTION IN LIMINE

COME NOW, THE MASON AND DIXON LINES, INC. ("Defendant"), before any proceedings have been had in the presence of the jury and prior to the voir dire examination of the jury panel, before the impaneling of any jury, or selection of any jury, and before the introduction of any evidence, makes this their Motion in Limine. Defendant seeks to exclude all matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If the Plaintiff, The National Hispanic Circus, Inc. injects these matters into the trial of this case through a party, attorney, or witness, Plaintiff will cause irreparable harm to the Defendant's case, which no instruction would cure. If any of these matters are directly or indirectly brought

Case 1:02-cv-00135   Document 45   Filed in TXSD on 12/15/2003   Page 2 of 11

to the attention of the jury, Defendant would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendant urges this Motion in Limine.

## A. Grounds

1. Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of Defendant to show Defendant acted in conformity with its character on the dates in question. *See* Fed. R/ Evid. 404(b).

    Granted: _____    Denied: _____    Agreed: _____

                                      _____
                                          Judge Presiding

2. Any evidence, statement, or argument regarding settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R/ Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co.*, 56 F.3d 521, 526 (3d Cir. 1995).

    Granted: _____    Denied: _____    Agreed: _____

                                      _____
                                          Judge Presiding

3. Any evidence by an expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time set forth in the pretrial order or local rule. *Coastal Fuels, Inc. v. Carribean Pet. Corp.* 79 F.2d 182, 202-03 (1st Cir. 1996); *see In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 738-41 (3d Cir. 1994); *Alldread V. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

Page 2

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

4. Any opinion by an expert witness that is not supported by admissible facts. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir 1996).

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

5. Any evidence, statement, or argument supporting an issue that was not contained in the final pretrial order. *Life Care Ctrs., Inc. v. Charles Town Assocs.*, 79 F.3d 496, 507 (6th Cir. 1996).

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

6. Any evidence by an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

7. Plaintiff should be precluded from offering any videotape or motion-picture type of evidence (that has not been previously produced during the discovery of this case) in the presence of the jury, but should be required to tender the same to counsel outside the presence of the jury and allow the same to be viewed and allow objections to be made outside the presence of the jury.

      Granted: _____      Denied: _____      Agreed: _____

                                          _____
                                          Judge Presiding

8. Plaintiffs should be precluded from making any reference to, or the displaying of any exhibits, charges, chronologies, posters, or so called "demonstrative evidence" until such have been shown to opposing counsel out of the presence of the jury.

      Granted: _____      Denied: _____      Agreed: _____

                                          _____
                                          Judge Presiding

9. Any evidence in demonstrative form that portrays events at issue in a manner not substantially similar to the actual events. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996).

      Granted: _____      Denied: _____      Agreed: _____

                                          _____
                                          Judge Presiding

10. Plaintiffs should be precluded from making any arguments, statements, claims or innuendos in the presence of the jury to the effect that discovery in this case has been burdensome, or expensive, or has created any type of undue burden or imposition upon the Plaintiffs, or from stating or implying that discovery has been excessive, or that Plaintiffs have been kind, generous, forthcoming, or of good character in complying with the Court's discovery order.

    Granted: _____    Denied: _____    Agreed: _____

    _____
    Judge Presiding

11. Any secondary evidence presented because Plaintiff did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

    Granted: _____    Denied: _____    Agreed: _____

    _____
    Judge Presiding

12. Any evidence Plaintiff did not produce in discovery.

    Granted: _____    Denied: _____    Agreed: _____

    _____
    Judge Presiding

13. Any witness not named in Plaintiff's disclosures or interrogatories.

    Granted: _____    Denied: _____    Agreed: _____

                                            _____
                                            Judge Presiding

14. Any evidence, statement, or argument suggesting that Defendant, through its attorney(s), asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

    Granted: _____    Denied: _____    Agreed: _____

                                            _____
                                            Judge Presiding

15. Any attempt to elicit testimony from Defendant about communications with its lawyers. Such communications are privileged. *See* Fed. R. Evid. 501.

    Granted: _____    Denied: _____    Agreed: _____

                                            _____
                                            Judge Presiding

16. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

    Granted: _____    Denied: _____    Agreed: _____

                                            _____
                                            Judge Presiding

17. Any attempt to request Defendant's counsel to produce documents, to stipulate to any fact, or to make any agreement in the presence of a jury.

    Granted: _____        Denied: _____        Agreed: _____

                                                    _____
                                                    Judge Presiding

18. Any statement of the law, other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the applicable law in this case.

    Granted: _____        Denied: _____        Agreed: _____

                                                    _____
                                                    Judge Presiding

19. Any evidence, statement, or argument that Defendant was involved in any other lawsuits.

    Granted: _____        Denied: _____        Agreed: _____

                                                    _____
                                                    Judge Presiding

20. Whether or not any recovery in this case is or is not subject to income taxation is inadmissible. *See Hansen v. Johns-Manville Prods. Corp.*, 734 F.2d 1036, 1045 (5th Cir. 1984); *Johnson v. Penrod Drilling Co.*, 510 F.2d 234, 237 (5th Cir. 1975).

Granted: _____   Denied: _____   Agreed: _____

_____
Judge Presiding

21. Plaintiffs should be precluded from making any reference or attempts to personally vouch for any witness that he/she calls in this trial. For example, such statement as "I believe in my expert," "I have seen him in various contexts and I know that he is right and honest," or any similar type of effort to personally tie the jury's view of any expert or other witness to the jury's view and assessment of Plaintiff's counsel individually.

Granted: _____   Denied: _____   Agreed: _____

_____
Judge Presiding

22. Plaintiff should be precluded from making any reference to the filing of this Motion in Limine or to any ruling by the Court in response to this Motion, suggesting or implying to the jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter.

Granted: _____   Denied: _____   Agreed: _____

_____
Judge Presiding

23. Defendants move that Plaintiff's counsel be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in the Court to testify and to be cross-examined by counsel for Defendant. *See* U.S. Const. Amend VI; *Pointer v. Texas*, 85 S.Ct. 1065 (1965).

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

24.    If Plaintiff feels any area which is effected by this Motion in Limine or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, prior settlement offer, etc. or that if the Plaintiff feels "a door has been opened," that they must, before saying or presenting or exhibiting anything in the jury's presence regarding same, that they approach the bench and make inquiry side bar without the jury being able to hear same, in a voice designed so that the jury will not hear same. This particular limine subpart is to be followed regardless of the time of the trial, including arguments.

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

25.    Plaintiff should be precluded from making any reference to the special issues ultimately submitted to the jury as "Plaintiff's issues" or "Defendants' issues" or otherwise identifying the issues with a particular party.

Granted: _____     Denied: _____     Agreed: _____

_____
Judge Presiding

## B. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, THE MASON AND DIXON LINES, INC., asks the Court to instruct Plaintiff and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters, and for such other and further relief, both general and special, at law and in equity, to which Defendant might show themselves justly entitled.

Respectfully Submitted,

*JEANSONNE & REMONDET, L.L.C.*

By: _____
Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
ATTORNEY-IN-CHARGE
1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

ATTORNEY FOR DEFENDANT,
THE MASON AND DIXON LINES

OF COUNSEL:

JEANSONNE & REMONDET, L.L.C.
1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record by hand delivery and/or certified mail, return receipt requested, and/or first class mail on this the 12th day of December 2003.

Stephen J. Chapman
BARKER, LEON, FANCHER & MATTHYS, L.L.P.
Tower II- Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
<u>VIA OVERNIGHT MAIL – AIRBORNE EXPRESS #7072059175</u>

G. Stephen Parrott
HOOVER SLOVACEK, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057
<u>VIA OVERNIGHT MAIL – AIRBORNE EXPRESS #7072059072</u>

Michael A. Pita