# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# – BROWNSVILLE DIVISION –

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC. A NEW YORK NOT-FOR-PROFIT CORPORATION §§§§§ Plaintiff, | | |
| V. § | CIVIL ACTION NO. B-02-135 | |
| REX TRUCKING, INC., a Texas Corporation, and THE MASON AND DIXON LINES, INC., A Michigan Corporation §§§§§§ Defendant. | | |

United States District Court
Southern District of Texas
ENTERED

JAN 2 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

## ORDER DENYING THE MASON AND DIXON LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff The National Hispanic Circus, Inc. ("Plaintiff"), a traveling bilingual circus that formerly performed throughout the United States, contracted with Defendant The Mason and Dixon Lines, Inc. ("Defendant"), a trucking company that transports and delivers cargo. Defendant was to transport seven circus trailers – including one of the trailers which contained one-half of Plaintiff's bleachers – from Harlingen, Texas to Chicago, Illinois prior to August 31, 2001, the commencement date of the Circus' scheduled appearance in Chicago.[1] Shortly after Defendant took possession of the trailers, the truck and the trailer transporting the bleachers were lost. They were subsequently located on November 21, 2001.

Plaintiff brought an action under the Carmack Amendment, i.e., 49 U.S.C. § 14706, *et seq.*,

---

[1]Plaintiff's contract was actually with Rex Trucking Company, which was subsequently acquired by Defendant The Mason and Dixon Company. Defendant has conceded that it is legally responsible for Rex and for any loss wrongfully caused by Rex.

1

seeking to recover the damages allegedly suffered due to the temporary loss of the bleachers. It has sought damages for: 1) the cost of renting replacement bleachers in order to execute the scheduled Chicago performances, and 2) the loss of ticket sales for both its originally scheduled Chicago performances and one week of extended performances allegedly precipitated by the reduced seating capacity of the rented bleachers (Plaintiff alleged that the rented bleachers provided approximately 300 fewer seats than those lost). Plaintiff also alleged in its complaint that the continued disappearance of its bleachers necessitated the purchase of new bleachers to successfully complete the remainder of its 2001 national tour and seeks compensation for those expenses, as well.

Defendant moved for summary judgment on the ground that Plaintiff's claimed damages were "special" damages not recoverable because Plaintiff failed to provide notice to Defendant of the possibility of such damages at the time the parties executed the contract. Defendant further asserted that damages for lost profits could not be awarded because they were speculative. In the alternative, Defendant moved for partial summary judgment, arguing that in the event this court found a damage award warranted it should be limited to the amount expressed in Defendant's tariff. Plaintiff argued in its response to Defendant's motion that Defendant's tariff limitation is inapplicable because the bill of lading failed to comply with the requirements of the Carmack Amendment and that it was entitled to its claimed damages because they were reasonably foreseeable to Defendant at the time of contracting.[2] Upon careful consideration, for the reasons stated below, this Court **DENIES** Defendant's motion for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Willis v. Roche Biomedical Laboratories, Inc. 61 F.3d 313, 315 (5th Cir.1995). In determining whether a party is entitled to

---

[2] In this case, the bills of lading constitute the entire contract.

summary judgment, this court must view the evidence in light most favorable to the nonmoving party. Littlefield v. Forney Indep. School Dist., 268 F.3d 275, 282 (5th Cir.2001)(citations omitted).

As the Carmack Amendment to the Interstate Commerce Act governs a claim for damages resulting from the transportation of cargo in interstate commerce, it controls the determination of liability with respect to Plaintiff's claims.[3] Moffit v. Bekins Van Lines Co., 6 F.3d 305, 306 (5th Cir. 1993). Though the Carmack Amendment subjects a carrier to liability for "the actual loss or injury to property," the Supreme Court has construed this language to be "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." New York, Philadelphia & Norfolk Railroad Company v. Peninsula Produce Exchange of Maryland, 240 U.S. 34, 38, 36 S.Ct. 230, 60 L.Ed. 511 (1916). Following suit, the Fifth Circuit has similarly interpreted the scope of carrier liability covered by the Carmack Amendment to extend beyond claims for damages to the property being delivered and to include "all reasonably foreseeable consequential damages." Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R. Co., 721 F.2d 483, 485 (5th Cir.1983)("[d]espite the apparent statutory limitation to recovery of damages caused to the property itself transported, the Supreme Court ... from its earliest interpretation has consistently construed [the Carmack Amendment] as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of contract of carriage..."). Further, although the Carmack Amendment references "actual loss or injury to the property," it also governs a shipper's claims for damages resulting from a delay in transit. New York, Philadelphia & Norfolk Railroad Company, 240 U.S. at 39; Hector Martinez & Co. v. Southern Pacific Transp. Co., 606 F.2d 106, 108 (5th Cir. 1979), reh'g denied, Hector Martinez & Co. v. Southern Pacific Transportation Co., 609 F.2d 1008 (5th Cir.1979), cert. denied, Southern Pacific Transportation Company v. Hector Martinez & Company, 446 U.S. 982, 100 S.Ct. 2962, 64 L.Ed. 838 (1980).

---

[3] Defendant has contended consistently that the Carmack Amendment preempts any state law claims asserted since the subject shipment was an interstate shipment. Plaintiff conceded this point in its response to Defendant's motion and at oral argument and admitted that its claims were totally controlled by that Amendment.

3

Under the Carmack Amendment, damages are determined by common law principles as adopted by federal law. Hector Martinez, 606 F.2d at 108, n.1. General damages are recoverable if the injury was foreseeable to the carrier, i.e., if the injury was the proximate and usual consequence of the carrier's action. Id. at 109. Conversely, special damages are those that the carrier did not have reason to foresee as ordinary, natural consequences of the breach of contract of carriage when such contract was formed and are awarded only if the shipper provided actual notice to the carrier of the special circumstances giving rise to such damages at the time the contract was consummated. Id.; Texas A&M Research Foundation v. Magna Transportation, Inc., 338 F.3d 394, 404 (5th Cir. 2003).

In the present case, Defendant completely ignores the fact that the law distinguishes between general and special damages and instead prematurely characterizes all of Plaintiff's damages as special. Defendant argues that where a temporary loss of goods is at issue an allowable claim arises out of the delay of the delivery only if the shipper notified the carrier that the shipment required special handling at the time the contract was entered. Defendant contends that the cost of the new bleachers and the lost profits are not recoverable because Plaintiff failed to provide such notice. Defendant also avers that, even assuming, arguendo, that notice was provided, Plaintiff's lost profits are still not recoverable because Plaintiff's assumption that it would sell every ticket and that the ticket price for an adult and child differ render the lost profits too speculative. Defendant's argument, however, is relevant to the issue at hand only if Plaintiff's damages are deemed special, for only then does the issue of whether Defendant had sufficient pre-shipping notice of the special circumstances surrounding the bleachers arise. See Hector Martinez, 606 F.2d at 109.

Moreover, as Plaintiff can recover all reasonably foreseeable damages, Air Prods. & Chems., Inc., 721 F.2d at 485, lost profits are recoverable, if considered foreseeable at the time the parties contracted and not deemed too speculative. See Camar Corp. v. Preston Trucking Company, Inc., 221 F.3d 271, 277 (1st Cir.2000)(citing Hector Martinez, 606 F.2d at 109)(other citations omitted). "Although mathematical precision is not required in calculating lost profits, a damages award must have a rational basis in the evidence." Camar Corp., 221 F.3d at

4

279(citations omitted).[4]

The fact that Plaintiff's damages must first be properly construed as either general or special exposes the fatal flaw in Defendant's argument. Whether Plaintiff's damages were reasonably foreseeable when the parties entered the contract to transport the bleachers is a fact question Plaintiff is entitled to present to the jury. Hector Martinez, 606 F.2d at 110 ("[t]he amount of damages that was reasonably foreseeable [for lost use costs due to delay in transit of strip mining equipment] involves a fact question that [the plaintiff] is entitled to present to a jury."). Defendant asks this Court to rule as a matter of law that Plaintiff's losses are not recoverable under the Carmack Amendment. Such a ruling, however, would be inappropriate at this time, as material factual issues exist for trial and a jury might resolve the issue in favor of Plaintiff.

Turning to the issue of Defendant limiting its liability, a carrier may effectively do so for damages caused to property it transports if it satisfies the following four requirements: 1) maintain a tariff in compliance with the requirements of the Interstate Commerce Commission, 2) give the shipper reasonable opportunity to choose between two or more levels of liability, 3) obtain the shipper's agreement as to its choice of carrier liability limit, and 4) issue a bill of lading that reflects any such agreement prior to moving the shipment. Rohner Gehrig Co., Inc. v. Tri-State Motor Transit, 950 F.2d 1079, 1081 (5th Cir.1992)(en banc). In order for the bill of lading to establish limited liability by the carrier, it must contain what has been referred to as an "inadvertence clause." Id. at 1082. This clause specifies the release rate and states that such a rate will apply unless the shipper declares otherwise. Id. This gives the shipper the required opportunity to choose between levels of carrier liability, thereby giving the carrier a concomitant opportunity to limit its liability to the shipper for damage or loss. Id.

In the present case, the bill of lading does not evidence any agreement affording Plaintiff a reasonable opportunity to choose between two or more levels of liability. In fact, the bill of lading exhibits no semblance of an inadvertence clause, nor does it contain the shipper's

---

[4]During hearings between the parties, this Court has advised Plaintiff's counsel that it would greatly behoove it to provide specific, detailed, non-speculative evidence of its damages. However, this Court cannot rule as a matter of law at this juncture that such damages are not recoverable. If Plaintiff fails to do so, no doubt Defendant will renew its objection at the appropriate time.

agreement as to a liability limit. Thus, it does not fulfill either the second or the third requirement set out above.

## III. CONCLUSION

As genuine material factual issues exist as to Plaintiff's claimed damages and Defendant failed to properly limit its liability, Defendant's summary judgment motion is **DENIED**.

**DONE** at Brownsville, Texas, this 20th day of January, 2004.

_____
Andrew S. Hanen
United States District Judge