Patrick D. Sullivan
State Bar No. 00791758
Federal Bar No. 18191
**HOOVER SLOVACEK LLP**
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713-977-8686
Facsimile: 713-977-5395
**ATTORNEYS FOR DEFENDANT
REX TRUCKING, INC.,
A TEXAS CORPORATION**

United States District Court
Southern District of Texas
FILED

JAN 2 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION <br><br> VS. <br><br> REX TRUCKING, INC., A DIVISION OF LOUISIANA TRANSPORTATION, INC. | § § § § § § § § | CASE NUMBER B-02-135 |

**DEFENDANT REX TRUCKING, INC., A TEXAS CORPORATION'S
EMERGENCY MOTION FOR CONSIDERATION OF
DEFENDANT REX TRUCKING, INC.'S AND
THE MASON AND DIXON LINES, INC.'S
<u>JOINT MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rex Trucking, Inc., a Texas corporation, ("Rex Trucking"), Defendant herein, and files this its Emergency Motion for Consideration of Defendant Rex Trucking Inc.'s and The Mason and Dixon Lines, Inc.'s Joint Motion for Summary Judgment ("MSJ") and in support thereof states as follows:

426718.1 PJL 311186-00009 1/21/04

1.      On or about November 14, 2003, Rex Trucking and The Mason and Dixon Lines, Inc. ("Mason Dixon") filed a Joint MSJ wherein Rex Trucking asserted and Mason Dixon agreed that "Rex' [Trucking] assets, including the name 'Rex Trucking' were in the possession of Mason Dixon on the date of the alleged contract, August 27, 2001, and the date of the alleged loss, on or after August 27, 2001." *See* MSJ, p. 5, ¶ 15, a true and correct copy of which is on file with this Court and incorporated herein for all purposes. Further, Rex Trucking and Mason Dixon agreed that "losses, if any, that occurred after the date of possession, August 27, 2001, were intended to be incurred by Mason and Dixon, not Rex," and "[b]ecause the date of the alleged contract and alleged loss occurred on or after the date of closing, Mason and Dixon recognize[s] that the loss, if any, that occurred in this case properly falls to Mason and Dixon." *See id*, ¶ 17. In support thereof, a representative of Mason Dixon executed an Affidavit attaching and proving up the Asset Purchase Agreement ("Purchase Agreement") between Rex Trucking and Mason Dixon. *See* Affidavit and Purchase Agreement, Exhibit "A" and "A-1," respectively, to MSJ.

2.      On or about December 12, 2003, Plaintiff, The National Hispanic Circus, Inc., a New York Not-For-Profit Corporation ("Hispanic Circus") filed Plaintiff's Response to Rex Trucking and Mason and Dixon Line's Joint Motion for Summary Judgment ("Response"), wherein Hispanic Circus admitted, "it is apparent that Rex Trucking, Inc.'s assets and name were purchased by Mason and Dixon Lines prior to their incident and their Motion is an admission that should judgment find in favor of Plaintiff, that Mason and Dixon Lines would be the sole party responsible for the alleged damage." *See* Response, p 1, 2, ¶ 3, a true and correct copy of which is on file with this Court and incorporated herein for all purpose. Further, Hispanic Circus states, "Plaintiff has no evidence to indicate that, as is asserted in the Motion, Rex Trucking was not purchased by Mason and Dixon

Lines prior to the incident in this suit." *See id*, p. 1, ¶ 1. Further, Hispanic Circus states, "to the extent the testimony and documents in this cause indicate that Mason and Dixon Lines was doing business as Rex Trucking, using the name and paperwork of Rex Trucking, and assumed the responsibilities of the corporation, it may be appropriate that the above cause can be amended to name The Mason and Dixon Lines D/B/A Rex Trucking." *See id*, ¶ 2.

3. Based upon the MSJ and the Response, it is apparent that there is not a dispute between the parties concerning the fact that Rex Trucking, Inc., a Texas corporation, is not responsible for the damages asserted by Hispanic Circus in the above referenced cause of action. Accordingly, based upon the admissions of Mason and Dixon and Hispanic Circus, there is no basis to retain Rex Trucking, Inc., a Texas corporation, as a party to this lawsuit.

4. Through its January 20, 2004 Order Denying The Mason and Dixon Lines, Inc.'s Motion for Summary Judgment ("Order") [this Motion was filed in addition to the to the Joint MSJ filed by Rex Trucking and Mason Dixon], this Court references the sale from Rex Trucking to Mason Dixon in its first footnote. *See* Order, p. 1, fn. 1, a true and correct copy of which is on file with this Court and incorporated herein for all purposes. However, contrary to the facts stated in the footnote, the Contract was not entered into until after the sale of the company. *See* MSJ. The only connection Rex Trucking, Inc., a Texas corporation, has to the transaction is the first two words of the name, "Rex Trucking." All right, title and interest passed to Mason Dixon **before** any contracts were entered into with Hispanic Circus. This fact is verified in the MSJ and in Hispanic Circus' Response thereto. *See* MSJ and Response. (It is apparent that Rex Trucking's assets and name were purchased by Mason Dixon **prior** to their incident . . . . "Plaintiff has no evidence to indicate that, as asserted in the Motion, Rex Trucking was not purchased by Mason and Dixon Lines prior to the

incident in this suit." *See* Response.) Accordingly, no one disputes that the sale took place **prior** to the contract being executed with Hispanic Circus and no one disputes that Rex Trucking, Inc., a Texas corporation, should be released from this action through its MSJ. *See* MSJ and Response. ("It may be appropriate that the above cause be amended . . . . *See* Response).

5.  It is Rex Trucking's understanding that this matter has been set for trial on January 28, 2004. However, notwithstanding the admissions of the parties, no ruling has been issued on the MSJ. Because of the significant expense which will be incurred in preparing for trial and appearing at the same, Rex Trucking requests emergency relief in the form of consideration of its MSJ prior to the scheduled trial date and as soon as possible to prevent any further expense on the part of Rex Trucking, which is currently a defunct corporation.

WHEREFORE, PREMISES CONSIDERED, Rex Trucking, Inc., a Texas corporation, prays that this Court grant its Emergency Motion for Consideration of Defendant Rex Trucking Inc.'s and The Mason and Dixon Lines, Inc.'s Joint Motion for Summary Judgment and further grant its MSJ as filed on or about November 14, 2003.

Respectfully submitted,

_____
Patrick D. Sullivan
State Bar No. 00791758
Federal Bar No. 18191
G. Stephen Parrott
State Bar No. 15540500
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713-977-8686
Facsimile: 713-977-5395

**OF COUNSEL:**
**HOOVER SLOVACEK, L.L.P.**
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713-977-8686
Facsimile: 713-977-5395
**ATTORNEYS FOR DEFENDANT**
**REX TRUCKING, INC.,**
**A TEXAS CORPORATION**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with all other counsel in connection with the foregoing document and no one is opposed to the same.

_____
Patrick D. Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 21st day of January, 2004, a true and correct copy of the foregoing document was served via first class mail, via hand delivery, via facsimile or via overnight delivery to all counsel of record as follows:

Mr. Michael A. Pita
Jeansonne & Remondet
1200 Smith Street, Suite 2265
Houston, Texas 77002
*Via Facsimile - 713-752-0410*

Mr. Stephen J. Chapman
Barker, Leon, Fancher & Matthys, LLP
Tower H, Suite 1200
555 North Carancahua Street
Corpus Christi, Texas 78478
*Via Facsimile - 1-361-882-9437*



_____
Patrick D. Sullivan