IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A New York not-for-profit Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> REX TRUCKING, INC., a Texas Corporation, and THE MASON AND DIXON LINES, INC., a Michigan Corporation <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CIVIL ACTION No. B-02-135 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

TO THE HONORABLE JUDGE:

Plaintiff The National Hispanic Circus makes this its proposed jury instructions and questions as follows:

GENERAL JURY INSTRUCTIONS

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." The burden is on the Defendant to prove every essential element of its affirmative defense or counterclaim by a preponderance of the evidence. A preponderance of the evidence simply means the amount of evidence that persuades you that the respective party's claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them. If the proof fails to establish any essential part of the respective party's claim by a preponderance of the evidence, then you must find for the other party as to that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point

just because there were more witnesses testifying for one side on that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary -- if after considering all the other evidence you believe that single witness.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget certain details or recollect events inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you may draw reasonable inferences from the testimony and the exhibits that you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply

requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Attached to this Jury Charge is a Verdict Form that contains questions. Before answering a particular question on the Verdict Form, you must consider the instructions for that question provided below. Bear in mind, members of the jury, that you may or may not ultimately answer every question on the verdict form. Carefully follow the "roadmap" instructions contained below and on the Verdict Form to determine which questions you must answer.

Deliberations and Verdict

Any verdict must represent the considered judgment of each juror. In order to answer a question or return a verdict, it is necessary that each juror agree to the verdict. In other words, the answers to your questions and your verdict must be unanimous.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation, a state agency, and a person are equal before the law and must be treated as equals in a court of justice.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, you may choose to re?examine your own views

and even change your mind completely after discussing the evidence with the other jurors. However, do not surrender your honest conviction as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the sole purpose of reaching a verdict.

Remember at all times that you are not partisans. You are judges ?- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your presiding juror who will preside over your deliberations and will be your spokesperson here in Court. A Verdict Form has been prepared for your convenience.

You will take the Verdict Form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the presiding juror and pass the note to the court security officer who will bring it to my attention. I will either answer your question in writing or bring you back to the courtroom for other verbal instructions. If you send a written message or question to the Court, however, do not volunteer any information on the progress of the jury in reaching a verdict.

Submitted the ___ day of January, 2004 at __ o'clock _.m.


_____
UNITED STATES DISTRICT JUDGE

INSTRUCTIONS ON TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION ON DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION ON WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of :

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    The exhibits which have been received into evidence; and

3.    Any facts to which all the lawyers have agreed or stipulated.

INSTRUCTION ON WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received for only a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION ON CREDIBILITY OF WITNESS

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness' memory;

3.      The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice;

5.    Whether other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

The weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION ON BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION ON DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been presented to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

INSTRUCTIONS ON ELEMENTS OF PROOF - CLAIM, COUNTERCLAIM AND AFFIRMATIVE DEFENSES

In this case, there is a claim by the Plaintiffs and a counterclaim by the Defendant. On each,

you may find for or against either party.   The Plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

1.      The Mason and Dixon Lines received the bleachers in good condition from Plaintiff and did not timely deliver them to the Chicago Show.

2.      That Plaintiffs have sustained damages proximately caused by Defendant through the loss of use of their property or injury to their property.

The defendant has the burden of proving each of the following by a preponderance of the evidence:

1.      Plaintiff is required to pay Defendant for the actual costs incurred in transporting 6 of 7 trailers.

You may reach one of four results:

1.      You may find for the Plaintiffs on Plaintiffs' claim and against the Defendant on Defendant's counterclaim; or

2.      You may find for the Defendant on Defendant's counterclaim and against the Plaintiffs on Plaintiffs' claims; or

3.      You may find for the Plaintiffs on Plaintiffs' claims and for the Defendant on Defendant's counterclaims; or

4.      You may find against the Plaintiffs on Plaintiffs' claims and against the Defendant on Defendant's counterclaims.

QUESTION ____1_____

     Did Plaintiffs deliver the bleachers in good condition to Defendant for shipment to Chicago?

     Answer Yes or No:

     _____


QUESTION ____2_____

     Did Plaintiff National Hispanic Circus prove by a preponderance of the evidence that the agreed shipping service to timely deliver the trailer was not rendered by Defendant?

     Answer Yes or No:

     _____

     United Van Lines, Inc. v. Homburger, 932 F. Supp. 139 (W.D. N.Car. 1996).


QUESTION ____3_____

     What damages listed below, if any, were a reasonably forseeable result of the failure of Mason & Dixon Lines to timely deliver the plaintiff National Hispanic Circus' trailer.

     Answer Yes or No:

     Rental of Bleachers     _____

     Purchase of New Bleachers     _____

     Lost Ticket Sales     _____

INSTRUCTION FOR QUESTION NO. _____4_____

INSTRUCTION ON PROXIMATE CAUSE OF DAMAGES

A proximate cause of damages is that which in a natural and continuous sequence produces the damages, and without which the damages would

INSTRUCTION ON DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff you must determine Plaintiff's damages. If you find for the Defendant on Defendant's counterclaim, you must determine Defendant's damages. Plaintiff and Defendant have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff or Defendant for causing any injury to the other. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

QUESTION _____4_____

What amount of money if paid cash in hand would be necessary to compensate Plaintiff for the loss of the bleachers?

Answer in Dollars and Cents only for those items that you answered Yes in Question 3:

Rental of Bleachers                    _____

Purchase of New Bleachers        _____

Lost Ticket Sales                        _____

INSTRUCTION FOR QUESTION NO. _____5_____

DAMAGES - MITIGATION

The Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.      That Plaintiff failed to use reasonable efforts to mitigate damages; and

2.      The amount by which damages would have been mitigated.

QUESTION _____5_____

Did Plaintiffs mitigate their damages, if any?

Answer Yes or No:

_____

QUESTION _____7_____

If no, what amount of damages were not mitigated by Plaintiffs?

Answer in Dollars and Cents:

_____

INSTRUCTION ON DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should do so. Do not come to a decision simply because the other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION ON COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

INSTRUCTIONS ON RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in, date, and sign the verdict form or forms and advise the Court that you have reached a verdict.

INSTRUCTION ON ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

You will now retire to the jury room and continue with your deliberations.