IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
– BROWNSVILLE DIVISION –

United States District Court
Southern District of Texas
FILED
JAN 3 0 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC. § <br> A New York not-for-profit Corporation § <br> § <br> VS. § <br> § <br> THE MASON AND DIXON LINES, INC. § <br> A Michigan Corporation § | CIVIL ACTION No. B-02-135 |

**FINAL JURY INSTRUCTIONS, CHARGE, AND VERDICT FORM**

# GENERAL JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

The burden is on the plaintiff in a civil action such as this to prove every essential element of its claim by a "preponderance of the evidence." The burden is on the defendant to prove every essential element of its affirmative defense or counterclaim by a preponderance of the evidence. A preponderance of the evidence simply means the amount of evidence that persuades you that the respective party's claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them. If the proof fails to establish any essential part of the respective party's claim by a preponderance of the evidence, then you must find for the other party as to that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe

1

what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: 1) whether the person impressed you as being honest; 2) whether the witness had any particular reason not to tell the truth; 3) whether the witness had a personal interest in the outcome of the case; 4) whether the witness had any relationship with any party to the case; 5) whether the witness had a good memory; 6) whether the witness had the opportunity and ability to understand the questions clearly and answer them directly; and 7) whether the witness's testimony differed from the testimony of other witnesses. These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must think about the testimony of each witness and decide how much you believe as to what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget certain details or recollect events inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of

memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you may draw reasonable inferences from the testimony and the exhibits that you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

In reaching your verdict, you may consider only the testimony, stipulations, and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I shall list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help

3

you interpret the evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that has been excluded or stricken or that you have been instructed to disregard is not evidence and must not be considered. Additionally, some testimony and exhibits have been received for only a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

When a person is unavailable to testify at trial, the deposition of that person may be used at trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Attached to this Jury Charge is a Verdict Form that contains questions. Before answering a particular question on the Verdict Form, you must consider the instructions for that question provided below. Bear in mind, members of the jury, that you may or may not ultimately answer every question on the verdict form. Carefully follow the "roadmap" instructions contained below and on the Verdict Form to determine which questions you must answer.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in Court. A Verdict Form has been prepared for your convenience.

Answer each question from the facts as you find them. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers. Do not let bias, prejudice, or sympathy play any part in your deliberations.

You may not decide the answer to a question by lot or by drawing straws or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers – that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the foreperson shall

sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should do so. Do not come to a decision simply because the other jurors think it is right. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson and pass the note to the court security officer who will bring it to my attention. I will either answer your question in writing or bring you back to the courtroom for other verbal instructions.

No member of the jury should ever attempt to communicate with me except by a signed writing, and I shall communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before

answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a verdict or have been discharged. Do not disclose any vote count in any note to the Court.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. If you find for the defendant on the defendant's counterclaim, you must determine the defendant's damages. The plaintiff and the defendant have the burden of proving damages by a preponderance of the evidence. "Damages" means the amount of money which will reasonably and fairly compensate the plaintiff or the defendant for causing any injury to the other. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find the defendant liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which it could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny it recovery for those damages which it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce its damages. However, it is not required to exercise unreasonable efforts or incur unreasonable

expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

The plaintiff, National Hispanic Circus, has the burden of proof, by a preponderance of evidence, on questions one 1 - 4. The defendant, Mason and Dixon, has the burden of proof, by a preponderance of the evidence, on question 5.

Signed in Brownsville, Texas, this 29th day of January, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

## QUESTION #1

Did the plaintiff, National Hispanic Circus, deliver the bleachers in good condition to the defendant, Mason and Dixon, for shipment to Chicago?

Answer Yes or No:



If you answered question number one (1) "Yes," go to question two (2). If you answered it "No," then go to question five (5).

## QUESTION #2

What items listed below, if any, were a reasonably foreseeable result (at the time the parties agreed to ship the goods) of the failure of the defendant, Mason and Dixon, to timely deliver the plaintiff's, National Hispanic Circus, trailer.

Answer Yes or No:

Rental of Bleachers             _Yes_

Purchase of New Bleachers       _Yes_

Lost Ticket Sales               _Yes_

If you answered "No" to any item listed above in question two (2), then answer question three (3). Otherwise go to question four (4).

# QUESTION #3

**INSTRUCTIONS:** Only answer question three (3) **IF** any of the answers to question two (2) were "No." Answer question three (3) **ONLY** for the item(s) that you answered "No" for in question two (2). If your answers to question two (2) were all "Yes," go directly to question four (4).

Of the items listed below, if any, which did the plaintiff, National Hispanic Circus, give the defendant, Mason and Dixon, actual notice – at the time the parties agreed to ship the goods – that such damages, if any, would result if any of that shipment was lost?

Answer "Yes" if notice was given or "No" if notice was not given.

| | |
|---|---|
| Rental of Bleachers | Yes |
| Purchase of New Bleachers | Yes |
| Lost Ticket Sales | Yes |

Next, answer question four (4).

11

## QUESTION #4

What amount of money if paid cash in hand would be necessary to compensate the plaintiff, National Hispanic Circus, for the delivery delay of the bleachers?

Answer in Dollars and Cents only for those items that you answered "Yes" for in either question two (2) or question three (3).

| | |
|---|---|
| Rental of Bleachers | 9,000.00 |
| Purchase of New Bleachers | 123,000.00 |
| Lost Ticket Sales | 16,500.00 |

Next, answer question five (5).

## CERTIFICATE

We, the jury, have answered the above and foregoing special issues in the manner indicated in this verdict form, and return these answers to the Court as our verdict.

(To be signed only by the foreperson if unanimous.)

_Aurora Smith_  _1/30/04_
FOREPERSON          DATE

(To be signed by those rendering the verdict if not unanimous.)

_____   _____

_____   _____

_____   _____

_____   _____

_____

## QUESTION #5

What amount of money is the defendant, Mason and Dixon, entitled to recover from the plaintiff, National Hispanic Circus, for delivering six of the seven trailers?

Answer in Dollars and Cents:

$15,600.00