IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A New York not-for-profit Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL ACTION No. B-02-135 |
| REX TRUCKING, INC., a Texas Corporation, and THE MASON AND DIXON LINES, INC., a Michigan Corporation | ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF NATIONAL HISPANIC CIRCUS' MOTION FOR ENTRY OF JUDGMENT

Comes now, The National Hispanic Circus, plaintiff, and would move the court for entry of judgment as follows:

### I. FACTS

On or about August 27, 2001 the Circus and Mason and DixonLines d/b/a Rex Trucking entered into an agreement pursuant to which Rex Trucking was to provide drivers and trucks to transport from Harlingen, Texas to Chicago, Illinois Circus trailers, one of which contained ½ of the complete set of bleachers. Mason And Dixon was required to deliver the Circus' trailers and their respective loads to Chicago, Illinois prior to August 31, 2001, the commencement date of the Circus' scheduled tour in Chicago.

Shortly after Mason and Dixon took possession of the trailers, the truck transporting the Circus' trailer containing the bleachers disappeared. As a result of the disappearance of the trailer

Motion for Entry of Judgment Page 1

and the loss of the bleachers, the Circus was delayed in setting up the circus and was forced to rent bleachers to carry out its performances in Chicago. Mason and Dixon's President Leo Blumenauer expressly agreed that the Circus would be reimbursed for the replacement bleachers. The cost of renting replacement bleachers was $9,000.00. The rented bleachers, however, provided approximately 1/3rd (300) fewer seats than the Circus' stolen bleachers. As a result of the fewer bleacher seats, the Circus suffered loss of profits.

During the Circus' performance in Chicago the bleachers had not been recovered and the Circus was preparing for the remainder of its 2001 National Tour. The Circus, therefore, was required to purchase new bleachers from Canobbio, the Circus' supplier for its tent and its bleachers, in Italy. The Circus' bleachers are specially made in Italy based on the design of the tent.

On or about September 19, 2001, having received no word on the location of the bleachers, the Circus special ordered new bleachers from Canobbio. The Circus was required to prepay because of the special order. The Circus had to order them timely in the hope that the bleachers would arrive in time for the Miami show on November. The Circus also incurred shipping costs. In late November of 2001 the trailer was ultimately discovered in Arkansas over 2 months after its disappearance, but the Circus had already paid for the replacement bleachers. On January 28, 2004, a jury was empaneled and found that the plaintiff's damages for rental of bleachers, replacement cost and lost ticket sales were reasonably forseeable.

## II.   THE JURY VERDICT AWARDING REASONABLY FORSEEABLE DAMAGES SHOULD BE ENTERED

The jury found that the bleachers were delivered to Mason & Dixon in good condition in question 1. In Question 2 the jury then found that damages to plaintiff for rental of bleachers, replacement cost and lost profits were all reasonably forseeable. These finding were based on the

Motion for Entry of Judgment Page 2

testimony and evidence presented at trial, including the facts that the trucking company knew it was shipping circus equipment and that they had shipped the circus equipment before. In addition, it was within the realm of the jury to find that the trucking company could forsee these damages by judging the credibility of witnesses as well as finding facts from other circumstantial evidence.

In *Air Products & Chemicals, Inc. v. Illinois Central Gulf R.R. Co.*, the 5th Circuit stated the following:

> Despite the apparent statutory limitation to recovery of damage caused to the property itself transported, the Supreme Court ... from its earliest interpretation has consistently construed the [Carmack] Amendment as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading .... This broad interpretation of a carrier's liability under its bills of lading was premised upon what the Court conceived to be a paramount object of the legislation--to provide a uniform rule that <u>the carrier issuing the bill of lading would be responsible to the consignee for all loss, damage, or delay</u> arising out of the contract to transport the goods so shipped.

721 F.2d 483, 485-86 (5th Cir.1983) (emphasis added).

Further, in the 5th Circuit a Carmack Amendment Plaintiff is not required to show that its consequential damages were specifically foreseeable. *New Process Steel Corp. v. Union Pacific R. Co.* 2003 WL 22533559 (5th Cir.Tex.2003)(not published)(citing *Hector Martinez and Co. v. Southern Pac. Transp. Co.* 606 F.2d 106 (5th Cir. Tex., 1979). Under the Carmack Amendment, the measure of damages is determined by common law principles as adopted by federal law. *Hector Martinez*, 606 F.2d at 108 & n. 1. A Plaintiff can recover "all reasonably foreseeable damages." *Air Products*, 721 F.2d at 485. Moreover, damages for delay in shipment are available when the harm "was not so remote as to make it unforeseeable to a reasonable [person] at the time of contracting."

Motion for Entry of Judgment Page 3

*Hector Martinez*, 606 F.2d at 110.

It was obviously clear to the jury that it was reasonably forseeable that a delay in shipment of the bleachers for a performing circus would require that the circus obtain temporary rental bleachers rather than cancel a show. It was equally clear to the jury that it was reasonably forseeable the seating capacity of the Circus would be reduced by such a delay in shipment and result in a consequential loss of ticket sales. It was also clear to the jury that it was reasonably forseeable that after weeks with no word of the missing truck that the Circus would need to obtain permanent replacement bleachers in order to perform its contractual show obligations for the rest of the schedule.

The jury the answered question 4 for the amount of damages a follows:

Rental of Bleachers : $9000.00

Purchase of New Bleachers: 123, 000.00

Lost Ticket Sales: $16, 500.00

These damage awards are reasonable and are supported by the evidence. It was undisputed by Mason & Dixon that the rental bleachers cost $9000.00. The award for replacement of the bleachers is less than the actual amounts presented in the form of checks, showing that the jury likely mitigated this amount for the recovered bleachers. Further, the jury was presented with evidence of lost ticket sales approaching $100,000.00 but only awarded $16, 500.00.[1] It is clear that this jury clearly considered the evidence before it and calculated reasonable amounts to compensate plaintiff

---

[1] While it is true that recovery is not allowed for damages that are speculative or conjectural, "mathematical precision is not required to establish the extent or amount of one's damage." *Brown v. Ames,* 201 F.3d 654, 662 (5th Cir. Tex.2000). *(citing Oyster Creek Financial Corp. v. Richwood Investments II, Inc.*, 957 S.W.2d 640, 649 (Tex. Ct. App. 1997). Damages must be "ascertainable by reference to some fairly definite standard, established experience, or direct inference from known facts," but the Plaintiff does not have to give an actual dollar value to his injury. *Id.* (emphasis added)

Motion for Entry of Judgment Page 4

for its losses. Therefore, plaintiff requests that this court enter judgment upon the jury's verdict, including pre and post judgment interest.

## IV.  PRAYER

Wherefore, Plaintiff prays that the court enter judgment pursuant to F.R.C.P. 58 for the plaintiff, award pre and post judgment interest and for all further relief in law or equity to which it may be entitled.

          Respectfully submitted,

          BARKER, LEON, FANCHER
          & MATTHYS, L.L.P.
          Tower II - Suite 1200
          555 N. Carancahua St.
          Corpus Christi, Texas 78478
          Telephone: (361) 881-9217
          Facsimile: (361) 882-9437

          _____
          Stephen J. Chapman
          ATTORNEY IN CHARGE
          State Bar No. 24001870
          Federal Admission No. 32677
          Attorneys for Plaintiff
          The National Hispanic Circus

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this the __5th__ day of __February__, 2003, to all counsel of record as follows:

  Mr. Michael Pita
  ATTORNEY-IN-CHARGE
  State Bar No. 24001870
  Federal Bar No. 32169
  1200 Smith Street, Suite 2265
  Houston, Texas 77002
  (713)752-0300 Phone
  (713)752-0410 Fax

              _Stephen J. Chapman_