IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　　Plaintiff<br><br>v.<br><br>REX TRUCKING, INC., A TEXAS CORPORATION<br>　　　Defendant<br><br>and<br><br>THE MASON AND DIXON LINES, INC., A MICHIGAN CORPORATION<br>　　　Defendant/Counter-Plaintiff<br><br>v.<br><br>THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　　Counter-Defendant | CIVIL ACTION NO. B-02-135<br><br><br><br><br><br>JURY DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE MOTION FOR A NEW TRIAL**

Defendants Rex Trucking, Inc. and The Mason and Dixon Lines, Inc. (collectively "Mason and Dixon"), hereby oppose Plaintiff's motion for entry of judgment, and renew the motion that they previously made at the close of the evidence in this action. In particular, Mason and Dixon seeks: (1) entry of judgment as a matter of law in its favor regarding Plaintiff National Hispanic Circus, Inc.'s ("the Circus") claims for the cost of new bleachers and for lost ticket sales profits; (2) entry of judgment in its favor in the amount of $6,600, together with pre- and post-judgment interest,. based upon the surviving portions of the jury's verdict (i.e., the award in

favor of the Circus for the cost of renting bleachers ($9,000) and the award in favor of Mason and Dixon on its counterclaim for unpaid freight transportation charges ($15,600)); or (3) in the alternative to the foregoing forms of relief, a new trial. In support of its position, Mason and Dixon states as follows:

*Grounds for opposition to the Circus' motion for entry of judgment*

1.  Judgment should not be entered on the jury's verdict because, as set forth below and as explained in detail in the accompanying memorandum of law, Mason and Dixon is entitled to: (1) entry of judgment as a matter of law in its favor regarding Plaintiff National Hispanic Circus, Inc.'s ("the Circus") claims for the cost of new bleachers and for lost ticket sales profits; and (2) entry of judgment in its favor in the amount of $6,600, together with pre- and post-judgment interest. based upon the portions of the jury's verdict that remained undisturbed (i.e., the award in favor of the Circus for the cost of renting bleachers ($9,000) and the award in favor of Mason and Dixon on its counterclaim for unpaid freight transportation charges ($15,600)); or (3) in the alternative to the foregoing forms of relief, a new trial.

*Grounds for relief in the form of judgment as a matter of law*

2.  Notwithstanding the jury's verdict, the Circus failed to establish its entitlement to special damages in the form of the cost of a new set of bleachers and alleged lost profits because:

    a.  Such special damages were not, as a matter of law, reasonably foreseeable in the absence of actual notice of the contents of the trailers tendered to Mason & Dixon, as well as the consequences that would result from delayed delivery; and

    b.  The jury's finding of such actual notice is not supported by any, let alone substantial evidence; and/or

      c.    even in the event of any loss arising from the delayed delivery of the Circus' bleachers for which special damages could be awarded, the Court erred in refusing to allow the jury to hear evidence as to the value of the bleachers that were delivered, resulting in a windfall recovery for Plaintiff, i.e., Plaintiff now possesses the bleachers that were transported, and new bleachers, and monetary damages.

*Grounds for relief in the form of a new trial*

3.    The Court erred in refusing Mason and Dixon's request that Jury Interrogatory No. 2 require the jury to determine whether the losses allegedly sustained by the Circus as a result of the delayed delivery of the trailer containing the Circus' bleachers were reasonably foreseeable in the absence of actual notice to Mason and Dixon regarding the contents of the trailer and the particular consequences that would flow from the delayed delivery or loss of the contents of that trailer.

4.    The jury's having answered Jury Interrogatory No. 3 after answering Jury Interrogatory No. 2 in such fashion that, according to the instructions given to the jury, obviated the need to answer Jury Interrogatory No. 3, demonstrates that the jury did not comprehend the Court's instructions.

5.    The jury's answer to Jury Interrogatory No. 3, indicating that the Circus provided the aforementioned actual notice to Mason and Dixon, is against the great weight of the evidence, and is without any evidentiary support.

6.    The Court improperly precluded Mason and Dixon from presenting testimony to impeach or rebut the Circus' testimony regarding the supposed absence of salvage value of the original bleachers that Mason and Dixon delivered to the Circus, albeit after some delay.

WHEREFORE, Defendants Rex Trucking, Inc. and The Mason and Dixon Lines, Inc. respectfully request that this Honorable Court deny Plaintiff's motion for the entry of judgment based upon the jury's verdict and grant Defendants' renewed motion for judgment as a matter of law and, based thereon, enter judgment in favor of Defendants and against Plaintiff in the amount of $6,600, together with pre- and post-judgment interest. In the alternative, Defendants respectfully request that this Honorable Court deny Plaintiff's motion for the entry of judgment based upon the jury's verdict and grant Defendants' motion for a new trial.

BY: _____
Jeffrey D. Cohen
ATTORNEY-IN-CHARGE
JANSSEN & KEENAN P.C.
One Commerce Square, Suite 2050
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-8888
Telecopier: (215) 665-8887

and

Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
JEANSONNE & REMONDET, LLC
1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410

ATTORNEYS FOR DEFENDANT,
THE MASON AND DIXON LINES, INC.