IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION Plaintiff | § § § § § | |
| v. | § § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION Defendant | § § § § | |
| and | § § | |
| THE MASON AND DIXON LINES, INC., A MICHIGAN CORPORATION Defendant/Counter-Plaintiff | § § § § | JURY DEMANDED |
| v. | § § | |
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION Counter-Defendant | § § § § | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT AND DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW AND ALTERNATIVE MOTION FOR A NEW TRIAL

I.   **INTRODUCTION AND OVERVIEW**

Defendants oppose the entry of judgment on the jury's verdict that awarded Plaintiff both

the cost of a new set of a bleachers and compensation for lost profits arising out of Defendants'

failure to deliver a single trailer with "reasonable dispatch" as required pursuant to the Carmack

Amendment to the Interstate Commerce Act.  Defendants renew their previously denied motion

for judgment as a matter of law on the grounds that the cost of a new set of bleachers and lost

profits were special or consequential damages that, as a matter of law, Plaintiff was not entitled

to recover because it had not given Defendants <u>actual</u> notice of the contents of the trailer and of

the particular consequences that would result from any delay in delivery. These damages were

not reasonably foreseeable without such <u>actual</u> notice. Defendants also contend that there was

absolutely no evidence to support a finding of actual notice. Alternatively, Defendants submit

that they are entitled to a new trial because: (1) the Court refused to instruct the jury to determine

whether the damages sought by Plaintiffs were reasonably foreseeable without the

aforementioned actual notice to Defendants; (2) the jury was hopelessly confused as

demonstrated by its having answered an interrogatory that it was instructed not to answer based

upon its response to the preceding interrogatory; (3) a critical finding of fact was against the

great weight of the evidence; and (4) the Court improperly precluded Defendants from

presenting testimony to impeach or rebut Plaintiff's evidence that its original bleachers had no

salvage value. Accordingly, this Honorable Court must deny Plaintiff's motion for the entry of

judgment based upon the jury's verdict, grant Defendants' renewed motion for judgment as a

matter of law and, based thereon, enter judgment in favor of Defendants and against Plaintiff in

the amount of $6,600, together with pre- and post-judgment interest. In the alternative, this

Honorable Court must deny Plaintiff's motion for the entry of judgment based upon the jury's

verdict and grant Defendants' motion for a new trial.

## II.    STATEMENT OF THE ISSUES PRESENTED

1.      Do the cost of the new bleachers purchased by the Circus and the Circus' alleged

lost profits constitute special or consequential damages that are not recoverable in the absence of

actual notice to Mason and Dixon of the contents of the Circus' trailers and the consequences

that would result from delayed delivery of the trailers?

Proposed answer:    Yes.

2.    Is the jury's finding that the Circus provided actual notice to Mason and Dixon at the time Mason and Dixon agreed to transport the Circus' trailers that delayed delivery of any trailer would cause the Circus to incur the cost of purchasing a new set of bleachers and lost profits supported by sufficient evidence?

Proposed answer:    No.

3.    As a matter of law, were the Circus' alleged lost profits and the cost of purchasing new bleachers reasonably foreseeable in the absence of actual notice to Mason and Dixon?

Proposed answer:    No.

4.    Did the Court err in refusing to instruct the jury to determine whether the Circus' alleged lost profits and the cost of purchasing new bleachers were reasonably foreseeable to Mason and Dixon in the absence of actual notice?

Proposed answer:    Yes.

5.    Was the jury's determination that the Circus gave actual notice to Mason and Dixon against the great weight of the evidence?

Proposed answer:    Yes.

6.    Did the Court err in precluding Mason and Dixon from introducing evidence to impeach or rebut the Circus' evidence regarding the supposed lack of salvage value of the belatedly delivered bleachers?

Proposed answer:    Yes.

## II.    **STATEMENT OF THE CASE**

On or around August 27, 2001, Plaintiff, the National Hispanic Circus, Inc. ("the Circus"), engaged Defendants, Rex Trucking, Inc. and The Mason and Dixon Lines, Inc.

3

(collectively "Mason and Dixon"), to transport seven (7) trailers belonging to the Circus from Harlingen, Texas to Chicago, Illinois. The Circus did not provide Mason and Dixon with any description of the contents of those trailers. Moreover, the Circus did not provide Mason and Dixon with any notice of any special damages that Plaintiff would accrue in the event that any of the trailers were lost or delayed in transit.

Mason and Dixon delivered six (6) of Plaintiff's trailers to Chicago without incident and within a reasonable amount of time. The seventh trailer, however, did not arrive with the others. The Circus claimed that this trailer contained a one-half (1/2) set of bleachers that the Circus used for spectator seating for its traveling shows. The Circus had owned these bleachers for some time, and it is undisputed that they were in "used" condition.

While this trailer was being located, the Circus rented replacement bleachers for its performances in Chicago. The Circus claimed that it was only able to rent a smaller set of bleachers and that this resulted in lost revenue.

After its Chicago performances, the Circus did not present any shows until its November 21, 2001 through December 2, 2001 scheduled performances in Miami. The Circus did not rent replacement bleachers for its performances in Miami. Instead, following the Chicago performances the Circus ordered a brand new set of bleachers flown in from Italy. The new Italian bleachers were not shipped to Circus until November 28, 2001.

In the interim, Mason and Dixon delivered the lost trailer on November 21, 2001. The Circus was advised of the recovery of the trailer on that date. The Circus did not, however, cancel its order for the new bleachers from Italy. Instead, the Circus accepted delivery of the new Italian bleachers and also accepted the delayed delivery of its used bleachers. The Circus currently retains both sets of bleachers.

4

At trial, the Circus claimed, *inter alia*, that it was entitled to recover the cost of the new bleachers as well as its lost profits from its diminished seating capacity during the Chicago performances. The Circus, however, did not present any evidence to show that it gave actual notice of any notice of any kind to Mason and Dixon of the contents of any trailer or of the special or consequential damages that would result from any delay in delivery. Instead, the Circus argued that Mason and Dixon should have known based merely upon the fact that the shipper was a circus that delayed delivery of whatever was in the container could result in the need to purchase a new set of bleachers. The Circus also presented testimony intended to show that its original set of bleachers had no salvage value.

Mason and Dixon presented evidence that it did not know the specific contents of any of the Circus' seven trailers. Mason and Dixon also presented evidence that it was not aware that the Circus was transporting such unique bleachers or that there would be no way to duplicate the Circus' seating capacity with temporary rental replacement bleachers. Finally, Mason and Dixon sought to elicit testimony from one of its employees who regularly sells salvaged goods regarding the value of the Circus' original bleachers. Despite having permitted testimony from the Circus' witness that there was no salvage value, the Court precluded Mason and Dixon from presenting its employee's testimony to rebut the Circus' salvage value evidence.

At the close of the evidence, Mason and Dixon moved for entry of judgment as a matter of law in its favor regarding the Circus' claims for the purchase price of new bleachers and for lost profits. The Court denied the motion. Consequently, Mason and Dixon requested that the Court instruct the jury to determine whether these damages were reasonably foreseeable in the absence of actual notice to Mason and Dixon at the time Mason and Dixon agreed to transport the Circus' trailers. The Court refused Mason and Dixon's requested instruction and instead

asked the jury merely to determine whether these damages were reasonably foreseeable regardless whether actual notice had been given. (See Jury Interrogatory No. 2). The Court further instructed that, in the event that the jury determined that these damages were reasonably foreseeable in Interrogatory No. 2, the jury should *not* answer Interrogatory No. 3. The jury, in response to Interrogatory No. 2, answered that theses damages were reasonably foreseeable. In disregarding the Court's instructions, however, the jury answered Interrogatory No. 3, determining that the Circus had given actual notice to Mason and Dixon. Mason and Dixon objected to this inconsistency in the jury's verdict.

The jury returned a verdict in favor of the Circus on its claims, and awarded the Circus $9,000 for the cost of renting temporary replacement bleachers in Chicago, $123,000 for the cost of purchasing the new bleachers from Italy, and $16,500 for lost ticket sales resulting from the diminished seating capacity at the Chicago shows. The jury returned a verdict in favor of Mason and Dixon on its counterclaim for unpaid freight transportation charges and awarded Mason and Dixon the sum of $15,600. As a result, the net verdict in favor of the Circus, exclusive of interest and costs was $132,900.

As it did in its previously denied motion, Mason and Dixon contends in its renewed motion for judgment as a matter of law that the Circus is not entitled to recover either lost profits or the cost of its new set of bleachers. Accordingly, Mason and Dixon submits that judgment should be entered in its favor in the amount of $6,600, exclusive of interest and costs, based upon its successful counterclaim as offset by the Circus' claim for its expenses for renting temporary replacement bleachers in Chicago. Alternatively, Mason and Dixon submits that the jury's verdict should be set aside in its entirety, and a new trial be granted.

6

## III.   ARGUMENT

### A.   The cost of the new bleachers purchased by the Circus and the Circus' alleged lost profits constitute special or consequential damages that are not recoverable in the absence of actual notice to Mason and Dixon of the contents of the Circus' trailers and the consequences that would result from delayed delivery of the trailers

### 1.   The cost of new bleachers is not recoverable due to lack of actual notice

As recognized in <u>Hector Martinez and Co. v. Southern Pacific Transp. Co.</u>, 606 F.2d 106 (5th Cir. 1979), the appropriate remedy for a delay in transit is an award of money damages to the aggrieved party that compensates its economic injury without subjecting the defendant carrier to unforeseeable large losses. 606 F.2d at 108-09.   "An award of full compensation for all of the plaintiff's losses due to the breach [of the duty to deliver with reasonable dispatch], no matter how unforeseeable or bizarre these losses are, would simply be unfair to the defendant as well as possibly paralyzing to commerce." <u>Id.</u> at 109. "In addition to the foreseeability limitation, damages may also be limited because of uncertainty, or because of failure to mitigate damages." <u>Id.</u> at 109, n.4 (citations omitted).  Consistent with these principles, the general rule is "that general damages are awarded only if injury were foreseeable to a reasonable man and that special damages are awarded only if actual notice were given to the carrier of the possibility of injury." <u>Id.</u> (footnotes omitted).

As the <u>Martinez</u> court cogently observed, "<u>Hadley [v. Baxendale</u>, 9 Ex. 341, 156 Eng.Rep 145 (1854)] held that the damages arising from an inoperative mill were not foreseeable results of delayed shipment of a shaft, without special notice.  It was not obvious that the shaft in Hadley was an indispensable element of a mill." <u>Id.</u>  Other courts have recognized that "[t]he Carmack Amendment has not altered the common law rule that special, or consequential, damages are not usually recoverable in an action for breach of contract." <u>Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.</u>, 661 F.2d 761, 765 (9th Cir. 1981).

7

Special or consequential damages are recoverable under the Carmack Amendment only "if the carrier had notice of the special circumstances from which such damages would flow at the time the bill of lading contract was made." Main Road Bakery, Inc. v. Consolidated Freightways, Inc., 799 F.Supp. 26, 28 (D.N.J. 1992) (collecting cases including Contempo Metal Furniture).

In light of the foregoing cases, the determination to be made as a matter of law in this case is whether it was obvious that a single sealed container or trailer, the contents of which were not made known to Mason and Dixon, contained the Circus' unique set of bleachers. If it was not obvious, then special notice would have been required in order for the Circus to recover the cost of purchasing replacement bleachers.

The Circus adduced absolutely no evidence to explain how any carrier could reasonably know at the time of entering into a contract for transportation that a particular sealed container or trailer, the contents of which are not made known by the shipper to that carrier, contains unique high-value bleachers. At trial (as distinguished from at the time the Circus contracted with Mason and Dixon), the Circus explained that its bleachers were unique in that: (a) they were specially designed and configured to maximize the seating capacity for a particular model tent, and (b) bleachers of this type are only available from a manufacturer in Italy. The Circus recognized the need to explain this to the jury. However, the Circus' position is that Mason and Dixon somehow should have known this information without any specific actual notice from the Circus. If it required explanation in order for the jury to understand the nature of the bleachers, it goes without saying that a similar explanation should have been given to Mason and Dixon.

Requiring such notice in this case would have "enable[d] the carrier to protect itself from special damages by negotiating special contractual terms, declining the shipment, or taking special precautions to avoid the loss." Contempo Metal Furniture, supra at 765. By failing to

8

give notice or even identify on the bills of lading the nature of the property being shipped, the Circus deprived Mason and Dixon of the opportunity to protect itself from the claim the Circus put before the jury.

Putting aside for the moment the Circus' failure to provide the required actual notice, the Circus would not be entitled to recover the cost of expensive new bleachers from Italy even if its originally bleachers had been lost or totally destroyed in transit. The law is well settled that the proper measure of damages for freight lost in transit is the reasonable market value of the lost property. Eastman Kodak Co. v. Westway Motor Freight, 949 F.2d 317, 319 (10th Cir. 1991) (citing Chicago, M. & St. Paul Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801 (1920)). The cost of new bleachers from Italy bears no relevance whatsoever to the reasonable market value of the older used bleachers the Circus tendered to Mason and Dixon for carriage based upon the age and condition of those bleachers. To the extent that the Circus' witnesses suggested that its original bleachers were so specialized that, when they were recovered, no market existed for their resale, this only bolsters the notion that it would not have been obvious without actual notice that one of the seven trailers contained unique bleachers that were indispensable to the Circus' operations.

For the foregoing reasons, the cost of new bleachers is an element of special damages that the Circus may not recover without having given actual notice to Mason and Dixon at the time of contracting for the movement of the Circus' trailers. As will be discussed in greater detail later in this brief, because the Circus did not provide the required notice, Mason and Dixon is entitled to judgment as a matter of law with regard to this claim.

**2.    Alleged lost profits are not recoverable due to lack of actual notice**

In <u>Martinez</u>, the Fifth Circuit defined lost profits as special damages that are not

recoverable unless the plaintiff specifically pleads and proves that it gave the carrier actual notice

of the possibility of lost profits at the time of entering the contract for transportation.    <u>Martinez</u>,

<u>supra</u> at 109, n.7. The Circus did not plead that it gave such notice as required by <u>Martinez</u>.

Nor, as will be explained later, did the Circus offer any proof of having given such notice. As

the Circus did not plead and prove the giving of the required notice of special or consequential

damages, Mason and Dixon is entitled to judgment as a matter of law in its favor with respect to

this claim.

**B.    The jury's finding that the Circus gave actual notice that it would
incur the cost of new bleachers and lost profits in the event of loss or
delay in transit is not supported by sufficient evidence**

As noted previously, the Circus did not plead in its complaint that it gave actual notice of

special or consequential damages to Mason and Dixon at the time the parties entered into the

contract of carriage. It is certain that none of the Circus' witnesses testified to having given such

notice (the transcript of the proceedings has been ordered, but is not yet available). Furthermore

the documents admitted into evidence establish that there was no documentary proof of any

notice.

Under Fed.R.Civ.P. 50, "judgment as a matter of law should be granted where [, as here,]

'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a

reasonable jury to find for that party on that issue.'" <u>Dixon v. Wal-Mart Stores, Inc.</u>, 330 F.3d

311, 313 (5th Cir. 2003) (quoting Fed.R.Civ.P. 50(a)(1)). Moreover, "the facts and inferences

point so strongly and overwhelmingly in favor of [Mason and Dixon] that the Court [should

conclude] that reasonable men could not arrive at a contrary verdict." <u>Boeing Co. v. Shipman</u>,

411 F.2d 365, 374 (5th Cir. 1969); <u>see</u> <u>also</u> <u>Crist v. Dickson Welding, Inc.</u>. 957 F.2d 1281, 1285

10

(5th Cir. 1992) (quoting <u>Boeing Co.</u> and explaining that the district court and the Court of Appeals employ the same standard in determining whether to grant judgment notwithstanding the verdict *de novo*). Accordingly, this Honorable Court must conclude, based upon the lack of evidence of actual notice, that no reasonable jury could have found in favor of the Circus, and that judgment as a matter of law must be entered in favor of Mason and Dixon.

### C.    As a matter of law, the Circus' alleged lost profits and the cost of purchasing new bleachers are not reasonably foreseeable in the absence of actual notice to Mason and Dixon

The Circus has repeatedly incorrectly argued that it is for the jury to decide as a question of fact whether, under the facts of this case, the lost profits and the cost of new bleachers were general reasonably foreseeable damages such that damages may be recovered without actual notice. In so arguing, the Circus puts the cart before the horse. Only when claimed damages are, as a matter of law, general damages, does their recovery turn upon a jury's factual determination that the amount of such damages were reasonably foreseeable. <u>Martinez</u> expressly reserved such determination to the jury as a matter of fact by stating "[t]he amount of damages that was reasonably foreseeable involves as fact question [for] a jury." <u>Martinez</u>, 606 F.2d at 110.

Nothing in <u>Martinez</u>, however, stands for the proposition that a jury may determine as a matter of fact whether a claimed element of damages is to be characterized as general or special. Indeed, the Court of Appeals in <u>Martinez</u> determined as a matter of law (inasmuch as the Court of Appeals does not sit as a fact finder) that "it was obvious that the [cargo delayed in transit] is a machine which of itself has a use value." <u>Id.</u> at 109. The <u>Martinez</u> court contrasted its conclusion of law with the conclusion of law in <u>Hadley</u> that it was not obvious that the shaft was an indispensable part of the mill. <u>Id.</u> <u>Martinez</u> does not hold that it is a question of fact for the jury to determine whether, absent actual notice, it should have been reasonably foreseeable that

11

the Circus would have to buy a highly specialized set of bleachers in the event its original set of Italian bleachers was delayed in delivery.

It should be further noted that <u>Martinez</u> did not involve a claim to recover the cost to purchase an entirely new piece of machine to replace the machine that was and delayed in transit. The claim in <u>Martinez</u> was limited to recovery of the use value (i.e., rental value) of the machinery during the period of delay.

In summary, where the claimed damages are characterized as a matter of law as special damages, they are only recoverable if actual notice were given to the carrier. Thus, in the absence of any proof of actual notice, any claim for special or consequential damages fails. It is not a question for the jury to determine whether such special or consequential damages are reasonably foreseeable.

**D.    The Court erred in refusing Mason and Dixon's request to instruct the jury to determine whether the Circus' alleged lost profits and the cost of purchasing new bleachers were reasonably foreseeable in the absence of actual notice to Mason and Dixon**

As discussed at length above, special damages may only be recovered if actual notice has been given at the time of entering into the contract of carriage. General damages, however, may be recovered without actual notice so long as they are reasonably foreseeable. To the extent the Circus contends that the cost of new bleachers and lost profits are general damages, the Circus must demonstrate that they are reasonably foreseeable.

Because the Circus presented no evidence of actual notice, Mason and Dixon requested that the Court instruct the jury to determine whether Circus' damages were reasonably foreseeable in the absence of actual notice. In refusing the requested instruction, the Court's charge and the Jury Interrogatories cumulatively gave the jury an improper understanding of the law and the issues. This mistake was prejudicial in that when the jury improperly answered Jury

12

Interrogatory No. 3 and found (despite the absence of any supporting evidence) that actual notice had been given, it very well may have used that finding as the basis for its finding that all damages allegedly suffered by the Circus were reasonably foreseeable. As such, a new trial is warranted. Crist, supra at 1286.

Quite simply, there is no way for the Court to know whether the jury found the damages to be reasonably foreseeable based upon its unsupported finding that the Circus had given actual notice. "'[T]here is no way to know that the invalid claim ... was not the sole basis for the verdict.'" Braun v. Flynt, 731 F.2d 1205, 1206 (5th Cir. 1984) (citations omitted). A verdict that possibly rests on a theory that lacks adequate support in the record must be set aside. Id. (citation omitted). In light of the jury having found without support that actual notice has been given, a new trial is necessary because this improper finding may have been the sole basis for the jury's verdict.

It also bears noting that this jury must have been helplessly confused regarding the Court's instructions. The Court stated that if the jury answered yes to all of the items in Jury Interrogatory No. 2, it should skip Jury Interrogatory No. 3. For no apparent reason, the jury answered Jury Interrogatory No. 3 despite being instructed not to answer it. In the absence of judgment as matter of law in favor of Mason and Dixon, a new trial is needed on account of the improper instruction, and the jury's failure to adhere to the Court's proper instructions.

E.    **The jury's finding of fact that the Circus gave actual notice to Mason & Dixon that it would need to purchase new bleachers and would incur lost profits as a result of delayed delivery is against the great weight of the evidence**

As explained in Mason and Dixon's argument that there was insufficient evidence to support the verdict in favor of the Circus, there is simply no evidence whatsoever that the Circus gave actual notice to Mason and Dixon. Inasmuch as there is no evidence of actual notice, the

jury's finding of fact in response to Jury Interrogatory No. 3 that actual notice had been given is against the great weight of the evidence.

F.    **The Court erred or abused its discretion in precluding Mason and Dixon from presenting evidence regarding the residual salvage value of the Circus' original set of bleachers**

It is axiomatic that the decision to admit or exclude evidence is committed to discretion of the Court. Mason and Dixon respectfully submits that the Court erred or abused its discretion when it precluded Mason and Dixon from presenting evidence regarding the residual salvage value of the Circus' original set of bleachers.

In its case in chief, the Circus presented testimony of Rigoberto Garcia in support of its claim that its original set of bleachers had no residual salvage value. Mason and Dixon sought to rebut that testimony with the testimony of one of its own employees, Mr. Ralph Castille, who regularly sells salvaged goods. This testimony would not only have countered the Circus' testimony, it would have also provided a basis upon which the jury could determine the value of the original set of bleachers at the time the Circus tendered them to Mason and Dixon for carriage to Chicago. Such testimony was therefore relevant to several issues in the case.

## III.    CONCLUSION

The cost of a new set of bleachers and lost profits are special or consequential damages that, as a matter of law, the Circus was not entitled to recover because it had not given Mason and Dixon actual notice of the contents of the trailer and of the particular consequences that would result from any delay in delivery. These damages were not reasonably foreseeable without such actual notice. [1]There was no evidence whatsoever to support a finding that the Circus gave such notice. Consequently, Mason and Dixon are entitled to judgment as a matter of

---

[1] Unless every trailer that is ever transported by a Circus contains unique bleachers, the proffering of seven nondescript trailers by a Circus does not render it reasonably foreseeable that one of the trailers is loaded with unique bleachers.

14

law as to these claims. Alternatively, Mason and Dixon is entitled to a new trial because: (1) the Court refused to instruct the jury to determine whether the damages sought by the Circus were reasonably foreseeable without the aforementioned actual notice to Mason and Dixon; (2) the jury was hopelessly confused as evidenced by its answering an interrogatory that it was instructed not to answer based upon its response to the preceding interrogatory; (3) a critical finding of fact was against the great weight of the evidence; and (4) the Court improperly precluded Mason and Dixon from presenting testimony to impeach or rebut the Circus' evidence that its original bleachers had no salvage value.

For all of these reasons, this Honorable Court must deny the Circus' motion for the entry of judgment based upon the jury's verdict, grant Mason and Dixon's renewed motion for judgment as a matter of law and, based thereon, enter judgment in favor of Mason and Dixon and against the Circus in the amount of $6,600, together with pre- and post-judgment interest. In the alternative, this Honorable Court must deny the Circus' motion for the entry of judgment based upon the jury's verdict and grant Mason and Dixon's motion for a new trial.

BY: _____

Jeffrey D. Cohen
ATTORNEY-IN-CHARGE
JANSSEN & KEENAN P.C.
One Commerce Square, Suite 2050
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-8888
Telecopier: (215) 665-8887

and

Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
JEANSONNE & REMONDET, LLC

15

1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410


ATTORNEYS FOR DEFENDANT,
THE MASON AND DIXON LINES, INC.

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Opposition To Plaintiff's Motion For Entry Of Judgment And Defendants' Renewed Motion For Judgment As A Matter Of Law And Alternative Motion For A New Trial was served via Federal Express, overnight mail delivery, on this 25th day of February 2004 on counsel listed below:

Stephen J. Chapman, Esquire
Barker, Leon, Fancher & Matthys
Tower II - Suite 1200
555 N. Carancahua Street
Corpus Christi, TX 78478

Jeffrey D. Cohen

17