IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 5 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A New York not-for-profit Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| REX TRUCKING, INC., a Texas Corporation, and THE MASON AND DIXON LINES, INC., a Michigan Corporation | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION No. B-02-135

### PLAINTIFF NATIONAL HISPANIC CIRCUS' REPLY TO THE RESPONSE TO THE MOTION FOR ENTRY OF JUDGMENT

Comes now, The National Hispanic Circus, plaintiff, and would reply as follows:

### I. Argument

It appears that Mason & Dixon argues that the jury was somehow dazed, disoriented and delirious when answering all of the questions except those favorable to themselves. Such specious arguments have no place in this cause. The jury was given the charge clearly defining the 5th Circuit law on the necessary findings under the Carmack Amendment. The fact that they answered an additional question in regards to actual notice in no way effects any portion of the verdict. As the jury found that all the damages were reasonably foreseeable a finding of actual notice, while helpful should appeal of this matter follow, was not necessary to support the awarded foreseeable damages. Further, there was evidence of actual notice from the Circus Manager, who testified that the trucking company had previously shipped the bleachers several times and that defendant knew what was on

Reply to Response Motion for Entry of Judgment Page 1

the trucks. This was not rebutted. Given that it was Mason & Dixon employees who generically filled in the bills of lading and not the Circus, the Circus has presented sufficient evidence of actual notice for such a finding, irrespective of whether that finding is necessary to support the jury's award. Further, to the extent they argue that the awarded damages are special and unrecoverable absent actual notice, the jury finding negates such issue.

What defendant fails to realize is that the lost ticket sales are the DELAY damages discussed in Air Products:

*Air Products & Chemicals, Inc. v. Illinois Central Gulf R.R. Co.*, the 5th Circuit stated the following:

> Despite the apparent statutory limitation to recovery of damage caused to the property itself transported, the Supreme Court ... from its earliest interpretation has consistently construed the [Carmack] Amendment as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading .... This broad interpretation of a carrier's liability under its bills of lading was premised upon what the Court conceived to be a paramount object of the legislation--to provide a uniform rule that <u>the carrier issuing the bill of lading would be responsible to the consignee for all loss, damage, or delay</u> arising out of the contract to transport the goods so shipped.

Non-delivery of seats on time means the Circus <u>could not sell seats</u>, its product. The lost ticket sales are clearly delay damages and not special. Further, in the 5th Circuit a Carmack Amendment Plaintiff is not required to show that its consequential damages were specifically foreseeable. *New Process Steel Corp. v. Union Pacific R. Co.* 2003 WL 22533559 (5th Cir.Tex.2003)(not published)(citing *Hector Martinez and Co. v. Southern Pac. Transp. Co.* 606 F.2d 106 (5th Cir. Tex., 1979). Lost seat sales are clearly consequential from the failure to deliver seats.

Reply to Response Motion for Entry of Judgment Page 2

Moreover, what defendant has failed to realize is that the Circus purchase of the new bleachers was also the MITIGATION for the loss of seats. No claim was made by the Circus for further lost seats after the Chicago show. Does defendant assert that the Circus should have to go to every town and rent bleachers with less capacity, incurring additional lost sales and rental prices, for months on the odd chance that the trucking company would find the bleachers? That amount would have far exceeded what was sought and would have been a failure to mitigate. Neither the lost ticket sales nor the purchase of the bleachers were special damages.

Further, plaintiff's counsel does not recall the court precluding Mason & Dixon lines introducing evidence on the salvage value. Plaintiff's counsel objected to the lack of foundation, but does not recall the court preventing Mason & Dixon from offering testimony on the salvage value, only that they would have to lay a proper foundation. In fact the jury was given a mitigation instruction which would have been unnecessary had the court not allowed such testimony. Perhaps the obfuscation by defendant is unintentional, but still misleading.

The jury's answers were supported by the evidence presented. The court's carefully prepared charge correctly stated the law of the 5th Circuit. The court did not prevent the defendant from offering testimony on value. (despite the plaintiff's counsels argument that testimony that there is no market obviated the need for a mitigation question) Thus, the jury verdict should be entered for the full award.

## IV. PRAYER

Wherefore, Plaintiff prays that the court enter judgment pursuant to F.R.C.P. 58 for the plaintiff, award pre and post judgment interest and for all further relief in law or equity to which it may be entitled.

Reply to Response Motion for Entry of Judgment Page 3

Respectfully submitted,

BARKER, LEON, FANCHER
& MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

_____
Stephen J. Chapman
ATTORNEY IN CHARGE
State Bar No. 24001870
Federal Admission No. 32677
Attorneys for Plaintiff
The National Hispanic Circus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this the __4th__ day of __March__, 2003, to all counsel of record as follows:

Jeffrey Cohen
ATTORNEY-IN-CHARGE
Jansen & Keenan
One Commerce Square, Suite 2050
2005 Market Street
Philadelphia, PA
19103

_____
Stephen J. Chapman

Reply to Response Motion for Entry of Judgment Page 4