IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Plaintiff | § | |
| v. | § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION<br>Defendant | § | |
| and | § | |
| THE MASON AND DIXON LINES, INC., A MICHIGAN CORPORATION<br>Defendant/Counter-Plaintiff | § | JURY DEMANDED |
| v. | § | |
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Counter-Defendant | § | |

**CERTIFICATE OF CONFERENCE REGARDING
DEFENDANT THE MASON AND DIXON LINES, INC.'S
<u>MOTION FOR APPROVAL OF SUPERSEDEAS BOND</u>**

I, Jonathan F. Ball, hereby certify that despite my efforts as more fully described below, I have been unable to ascertain Plaintiff's position with respect to The Mason and Dixon Lines, Inc.'s Motion for Approval of Supersedeas Bond:

1.  I am a member of the Bar of the United States Court of Appeals for the Fifth Circuit and I am serving as lead appellate counsel to The Mason and Dixon Lines, Inc. in its appeal of the judgment entered against it in this matter. I am associated with the firm of Janssen

Keenan & Ciardi P.C. Jeffrey Cohen of this firm served as attorney in charge for Defendant The Mason and Dixon Lines, Inc. before this Honorable Court.

2.      In connection with its appeal, The Mason and Dixon Lines, Inc. filed a motion for approval of supersedeas bond in this Honorable Court on September 20, 2004. Before filing the motion, The Mason and Dixon Lines, Inc. advised Plaintiff's counsel on Friday, September 17, 2004 of its intent to file a supersedeas bond and motion requesting judicial approval of the bond. The Mason and Dixon Lines, Inc. provided Plaintiff's counsel with a copy of the bond and motion by e-mail on Friday, September 17, 2004. (See Exhibit A – E-mail from Jonathan F. Ball to Stephen Chapman dated September 17, 2004).

3.      The Mason and Dixon Lines, Inc. did not provide a certificate of conference with its motion for approval of the supersedeas bond because, upon reading LR 7 (Civil Pretrial Motion Practice) and Your Honor's Civil Procedures outlines (updated February 26, 2004) at Section 5, The Mason and Dixon Lines, Inc.'s counsel believed that the certificate of conference requirement applied only to pre-trial motion practice, and therefore did not apply to the instant post-trial motion for approval of a supersedeas bond..

4.      After receiving service of the supersedeas bond and the motion for approval of same from the undersigned by e-mail on September 17, 2004 and again by Federal Express on September 20, 2004, Plaintiff registered the judgment in its favor in the United States District Court for the Eastern District of Michigan on Tuesday, September 21, 2004. (See Exhibit B – Docket Sheet from U.S.D.C. – E.D.Mich. at No. 04-x-73664 (JCO)). Although Plaintiff knew of the undersigned's firm representation of The Mason and Dixon Lines, Inc., Plaintiff did not serve copies of its filings in the Eastern District of Michigan upon the undersigned or his firm.

5.     On Wednesday morning, September 22, 2004, Irma Soto, the case manager for this action, telephone the undersigned and advised him that the Court would not act upon the motion for approval of the supersedeas bond because it did not include a certificate of conference.

6.     The undersigned immediately e-mailed Plaintiff's counsel to attempt to confer regarding The Mason and Dixon's Lines, Inc.'s supersedeas bond and motion for approval of same. (See Exhibit C – E-mail dated September 22, 2004 from Jonathan Ball to Stephen Chapman).

7.     The undersigned telephoned Plaintiff's counsel on Wednesday, September 22, 2004 to attempt to confer regarding the bond and the motion. Upon being advised that Plaintiff's counsel was out of the office, the undersigned left a detailed voice mail message for Plaintiff's counsel in an attempt to satisfy the conference requirement applicable to pre-trial motion practice pursuant to the Court's local rules.

8.     Unbeknownst to the undersigned and his firm and his client, Plaintiff requested that the Clerk of the Eastern District of Michigan issue writs of garnishment as to the Mason and Dixon Lines, Inc. and five different banks. Once again, Plaintiff neglected to serve copies of the papers it filed with Court in Michigan upon the undersigned, his firm, or even his client.

9.     On Thursday, September 23, 2004, the undersigned's firm was informed by its client that its funds on deposit in a bank account had been garnished.

10.    Later in the day on Thursday, September 23, 2004, the undersigned received a voice mail message from Plaintiff's trial counsel's secretary indicating that Mr. Chapman was still occupied with other matters outside of the office and that he had not been able to review the bond or the motion requesting approval of the bond and, likewise, had not been able to respond

to the undersigned's good faith efforts to confer regarding the band and the motion. Plaintiff's trial counsel's secretary further advised in her voice mail message to the undersigned that Mr. Chapman would not be able to give this matter his attention until some time tomorrow (Friday, September 24, 2004).

11. Due to Plaintiff's counsel's inability to respond to e-mail sent on September 17, 2004 and/or voice mail left for him and e-mail sent to him on September 22, 2004, the undersigned has been unable to ascertain Plaintiff's counsel's position regarding the bond and the motion requesting approval of the bond.

12. Although Plaintiff's counsel has been unable to respond to the undersigned's efforts to confer in good faith, Plaintiff's counsel was able to arrange for the garnishment of the Mason and Dixon Lines, Inc.'s funds.

13. Despite his good faith efforts as described above, the undersigned has not been able to confer with Plaintiff's counsel. However, based upon Plaintiff's conduct in registering the judgment in another district and executing in that foreign district only after receiving service of the bond and motion for approval of same that the Mason and Dixon Lines, Inc. filed in this Honorable Court on September 20, 2004, the undersigned is left with the impression that Plaintiff did not agree that The Mason and Dixon Lines, Inc. was entitled to the relief sought in its motion.

_____
Jonathan F. Ball

## Jonathan Ball

**From:** Jonathan Ball
**Sent:** Friday, September 17, 2004 6:11 PM
**To:** 'schapman@BLFMLAW.Com'
**Subject:** Nat'l Hispanic Circus v. Mason and Dixon Lines, Inc.

Stephen,

Attached hereto please find Mason and Dixon Lines, Inc.'s Supersedeas Bond and motion for approval of the bond that are being filed with the district court. Please note that the bond reflects the inclusion of pre- and post-judgment interest at the rate of 2.22 percent as provided for in the district court's judgment. Also, please note that we included two years' worth of post-judgment interest to allow for the duration of the appellate proceedings in order to comply with the requirements of Rule 24.2 of the Texas Rules of Appellate Procedure.

In that I see no reason why the bond should not be approved by the district court, please refrain from any efforts to enforce or execute upon the judgment.

You will receive a hard copy of letter to the Clerk of Court, the Motion, and the Bond by Federal Express on Monday.

Should you wish to discuss this matter, please feel free to contact me.

Jon

Jonathan F. Ball
Janssen Keenan & Ciardi P.C.
One Commerce Square
Suite 2050
2005 Market Street
Philadelphia, PA 19103

215-599-7249 (direct)
215-665-8888 (main)
215-665-8887 (fax)

jball@janssenkeenan.com

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.

# U.S. District Court
## Eastern District of Michigan (Detroit)
### CIVIL DOCKET FOR CASE #: 2:04-x-73664-JCO

National Hispanic Circus, Incorporated v. Rex Trucking, Incorporated et al
Assigned to: Honorable John Corbett O'Meara
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: USDC So Texas, Brownsville Division, B-02-00135
Cause: No cause code entered

Date Filed: 09/21/04
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**
------------------

**National Hispanic Circus, Incorporated**    represented by **Christopher E. Mengel**
Berkley, Mengel,
3100 Penobscot Building
Detroit, MI 48226
(313) 961-0220
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------

**Rex Trucking, Incorporated**

**Mason and Dixon Lines, Incorporated**

| Filing Date | # | Docket Text |
|---|---|---|
| 09/21/2004 | 1 | REGISTRATION of Foreign Judgment from District of Texas - Brownsville Division.(DTyle, ) (Entered: 09/21/2004) |
| 09/22/2004 | 2 | NOTICE of Appearance by Christopher E. Mengel on behalf of National Hispanic Circus, Incorporated. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 3 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Charter One Bank. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 4 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Bank One. (LHack, ) (Entered: 09/23/2004) |

| | | |
|---|---|---|
| 09/22/2004 | 5 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Period writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Standard Federal. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 6 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee National City Bank. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 7 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Huntington National Bank. (LHack, ) (Entered: 09/23/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/23/2004 12:09:15 | | | |
| PACER Login: | jk0375 | Client Code: | |
| Description: | Docket Report | Case Number: | 2:04-x-73664-JCO |
| Billable Pages: | 1 | Cost: | 0.07 |

# Jonathan Ball

| | |
|---|---|
| **From:** | Jonathan Ball |
| **Sent:** | Wednesday, September 22, 2004 10:05 AM |
| **To:** | 'schapman@BLFMLAW.Com' |
| **Subject:** | FW: Nat'l Hispanic Circus v. Mason and Dixon Lines, Inc. |
| **Importance:** | High |

Stephen,

In follow up to my e-mail of Friday, September 17, and the FedEx you received from me on Monday, September 20, I am writing t let you know that we were advised this morning by Judge Hanen's chambers that MADL's motion for approval of its supersedeas bond requires a certificate of conference. Accordingly, I am now writing to determine your client's position with respect to MADL's request for approval of its supersredeas bond.

In determining its position with respect to MADL's motion, your client should be aware that MADL factored into the amount of the bond all pre-judgment interest awarded by the district court, and two years' worth of post-judgment interest to allow for the duration of the appellate proceedings in order to comply with the requirements of Rule 24.2 of the Texas Rules of Appellate Procedure.

In light of the above, please advise me as soon as possible whether your client has any objection to the form of the bond, the surety issuing the bond, or MADL's interest calculations. I am planning to file a certificate of conference by FedEx today so that the Court will receive it tomorrow morning, and may then act on MADL's motion.

Thank you for your cooperation in this matter.

Jon


Jonathan F. Ball
Janssen Keenan & Ciardi P.C.
One Commerce Square
Suite 2050
2005 Market Street
Philadelphia, PA  19103

215-599-7249 (direct)
215-665-8888 (main)
215-665-8887 (fax)

jball@janssenkeenan.com

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION.  IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.

-----Original Message-----
**From:** Jonathan Ball
**Sent:** Friday, September 17, 2004 6:11 PM
**To:** 'schapman@BLFMLAW.Com'
**Subject:** Nat'l Hispanic Circus v. Mason and Dixon Lines, Inc.

Stephen,

Attached hereto please find Mason and Dixon Lines, Inc.'s Supersedeas Bond and motion for approval of the bond that are being filed with the district court.  Please note that the bond reflects the inclusion of pre- and post-judgment interest at the rate of 2.22 percent as provided for in the district court's judgment.  Also, please note that we included two years' worth of post-judgment interest to allow for the duration of the appellate proceedings in order to comply with the requirements of Rule 24.2 of the Texas