IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　　Plaintiff | § § § § § | |
| v. | § § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION<br>　　　Defendant | § § § § | |
| and | § § | |
| THE MASON AND DIXON LINES, INC., A MICHIGAN CORPORATION<br>　　　Defendant/Counter-Plaintiff | § § § § § | JURY DEMANDED |
| v. | § § | |
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>　　　Counter-Defendant | § § § § § | |

United States District Court
Southern District of Texas
FILED
SEP 29 2004
Michael N. Milby
Clerk of Court

**DEFENDANT THE MASON AND DIXON LINES, INC.'S
EMERGENCY MOTION TO STRIKE CLERK'S CERTIFICATION
OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT
AND FOR LEAVE TO FILE A MOTION FOR IMPOSITION OF
RULE 11 SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL**

Defendant The Mason and Dixon Lines, Inc. moves pursuant to Fed.R.Civ.P. 60 for an Order striking the Clerk of the Court's certification, pursuant to Plaintiff's *ex parte* application, of the judgment entered in this matter on June 25, 2004, and for a further Order granting Defendant leave to file a motion for the imposition of sanctions against Plaintiff and its counsel pursuant to Fed.R.Civ.P. 11, and in support thereof, avers as follows:

　　1.　　The jury trial in this matter resulted in a verdict in favor of Plaintiff.

2. This Honorable Court granted Plaintiff's motion for entry of judgment on the jury's verdict and, accordingly, entered judgment in favor of Plaintiff and against Defendant The Mason and Dixon Lines, Inc. on June 25, 2004 in the amount of $116,400, plus pre- and post-judgment interest.

3. Defendant The Mason and Dixon Lines, Inc. timely filed its notice of appeal to the United States Court of Appeals for the Fifth Circuit.

4. After the appeal was filed, counsel for Plaintiff indicated that Plaintiff would not agree to a supersedeas of the judgment without the posting of a bond.

5. Defendant The Mason and Dixon Lines obtained a supersedeas bond and, on September 17, 2004, provided Plaintiff with a copy of the bond and Defendant's proposed motion for approval of the supersedeas bond.

6. On September 20, 2004, Defendant filed and served on Plaintiff its motion in this Honorable Court requesting approval of the bond pursuant to Fed.R.Civ.P. 62(d).

7. On September 21, 2004, Plaintiff registered the June 25, 2004 judgment in the United States District Court for the Eastern District of Michigan. Plaintiff did so without serving or otherwise providing notice to Defendant.

8. On September 22, 2004, Plaintiff made *ex parte* requests to the United States District Court for the Eastern District of Michigan for the issuance of non-periodic writs of garnishment to five banks located within that district.

9. On September 23, 2004, Defendant's bank account was frozen pursuant to one of the aforementioned writs of garnishment.

10. Upon being informed by Defendant of Plaintiff's garnishment of its bank account, Defendant's counsel learned through its own investigation that Plaintiff had made an *ex parte*

request that the Clerk of this Honorable Court certify the judgment for registration in another district on or about August 27, 2004, i.e., long after Defendant had filed its notice of appeal to the Fifth Circuit.

11. As set forth at length in Defendant's memorandum of law in support of this motion, 28 U.S.C. § 1963 clearly provides that a judgment that is the subject of a pending appeal may only be certified for registration in another district upon motion and demonstration of good cause for allowance of registration of the judgment in another district pending the outcome of the appeal.

12. Plaintiff did not file a proper motion for certification in that Plaintiff never served Defendant's counsel of record with motion papers nor conferred with Defendant's counsel regarding a motion for certification of the judgment.

13. Plaintiff and its counsel had no basis in law or fact to proceed and file an *ex parte* application for certification of the judgment entered June 25, 2004 after Defendant timely filed its notice of appeal.

14. Because of the improper *ex parte* actions of Plaintiff and its counsel, Defendant The Mason and Dixon Lines, Inc. has had its bank account levied upon and frozen, resulting in financial harm and chaos for its operations as an interstate carrier.

WHEREFORE, Defendant, The Mason and Dixon Lines, Inc., respectfully requests that this Honorable Court strike the Clerk's certification of the judgment entered June 25, 2004, and to grant Defendant leave to file a motion pursuant to Fed.R.Civ.P. 11 requesting the imposition of sanctions against Plaintiff and its counsel for Plaintiff's improper *ex parte* application for certification.

Respectfully submitted

BY: _____
Jeffrey D. Cohen
ATTORNEY-IN-CHARGE
JANSSEN KEENAN & CIARDI P.C.
2005 Market Street, Suite 2050
Philadelphia, PA 19103
Telephone: (215) 665-8888
Telecopier: (215) 665-8887

and

Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
JEANSONNE & REMONDET, LLC
1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410


ATTORNEYS FOR DEFENDANT,
THE MASON AND DIXON LINES, INC.