IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Plaintiff | § § § § § | |
| v. | § § | CIVIL ACTION NO. B-02-135 |
| REX TRUCKING, INC., A TEXAS CORPORATION<br>Defendant | § § § § | |
| and | § § | |
| THE MASON AND DIXON LINES, INC., A MICHIGAN CORPORATION<br>Defendant/Counter-Plaintiff | § § § § | JURY DEMANDED |
| v. | § § | |
| THE NATIONAL HISPANIC CIRCUS, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION<br>Counter-Defendant | § § § § § | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT THE MASON AND DIXON LINES, INC.'S
EMERGENCY MOTION TO STRIKE CLERK'S CERTIFICATION
OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT
AND FOR LEAVE TO FILE A MOTION FOR IMPOSITION OF
RULE 11 SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL**

I.   INTRODUCTION AND OVERVIEW

Notwithstanding the pendency of Defendant The Mason and Dixon Lines, Inc.'s appeal of the judgment entered in this matter on June 25, 2004, Plaintiff National Hispanic Circus, Inc. improperly filed an *ex parte* request for the Clerk's certification of the June 25, 2004 judgment for registration in another district, and then, after Defendant advised Plaintiff that it was seeking

approval of a supersedeas bond, proceeded *ex parte* in the United States District Court for the Eastern District of Michigan to register the judgment and garnish Defendant's bank account. Plaintiff's conduct blatantly violated 28 U.S.C. § 1963, which requires, in pertinent part, the filing of a motion and the demonstration of the existence of good cause for permitting registration of the judgment in another district during the pendency of an appeal of such judgment. The Clerk's certification of the June 25, 2004 judgment must be stricken as void *ab initio* because it was obtained through Plaintiff's impermissible *ex parte* application rather than the required motion upon notice to Defendant. Moreover, because Plaintiff's failure to comply with the motion filing requirement of 28 U.S.C. § 1963 has already resulted in substantial harm and prejudice to Defendant (i.e., the garnishment of its bank account in Michigan), Defendant should be granted leave to immediately file a motion for sanctions pursuant to Fed.R.Civ.P. 11.

II.   RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

After a jury trial resulted in a verdict in favor of Plaintiff and against Defendant The Mason and Dixon Lines, Inc., Plaintiff successfully moved for the entry of judgment on the jury's verdict. Accordingly, judgment was entered in favor of Plaintiff and against Defendant The Mason and Dixon Lines, Inc. on June 25, 2004 in the amount of $116,400, plus pre- and post-judgment interest. Defendant timely filed its notice of appeal on July 26, 2004.[1]

Within a week or so after the filing of the appeal, Defendant's appellate counsel exchanged telephone messages with Plaintiff's counsel regarding the possibility of an agreement to a supersedeas of the judgment without the need for a bond to be filed. Notwithstanding the assets and financial stability of The Mason and Dixon Lines, Inc., Plaintiff insisted that a bond

---

[1] The thirtieth day following the entry of the judgment fell on a weekend. July 26, 2004 was the next day upon which the Court was open for business. Consequently, The Mason and Dixon Lines, Inc.'s notice of appeal filed July 26, 2004 was timely.

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.   Page 2 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

be filed. By e-mail dated August 3, 2004, Defendant's appellate counsel requested a reasonable amount of time to secure and post a supersedeas bond. (See e-mail dated August 3, 2004 from Jonathan Ball to Stephen Chapman, attached hereto as Exhibit A).

After calculating the pre- and post-judgment interest, and making allowance for the accrual of additional post-judgment interest and costs during the pendency of the appeal, Defendant procured a bond from Cherokee Insurance Company (NAIC # 10642), a surety approved by the United States Department of Treasury, Financial Management Service, and holding appropriate licensure in Texas.[2] Defendant forwarded a copy of the bond, and its proposed motion seeking approval of the bond to Plaintiff's counsel, by e-mail on September 17, 2004. Believing that a motion to approve a supersedeas bond was a post-trial motion not subject to the certificate of conference requirement of LR 7.1 D (requiring a certificate of conference on all *pre-trial* motions except motions pursuant to Fed.R.Civ.P. 12(b), (c), (e), or (f) and Fed.R.Civ.P. 56), Defendant presented its motion, without a certificate of conference, to the Court on September 20, 2004.

On September 21, 2004, one day after Defendant presented its bond and motion for approval, Plaintiff registered a certified copy of the June 25, 2004 judgment in the United States District Court for the Eastern District of Michigan. (See Docket Sheet from the United States District Court for the Eastern District of Michigan at No. 2:04-x-73664-JCO, attached hereto as Exhibit B). Plaintiff did so without notice to or service upon Defendant's counsel. Unbeknownst to Defendant, and despite the pendency of Defendant's appeal, Plaintiff had made an *ex parte* application to the Clerk of this Honorable Court for certification of the June 25, 2004

---

[2] See Treasury Department Circular 570, posted at www.fms.treas.gov/c570/c570.html#certified.

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.    Page 3 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

judgment for registration in another district. Apparently, the Clerk certified the judgment immediately upon presentment of Plaintiff's *ex parte* application.

Also on September 21, 2004, Irma Soto, Your Honor's case manager, contacted the undersigned's office to advise that Your Honor would not consider the motion to approve supersedeas bond because it did not include a certificate of conference. Defendant's appellate counsel advised Ms. Soto that the motion was a post-trial motion and therefore not subject to the certificate of conference requirement applicable to certain pre-trial motions under LR 7.1 D. Ms. Soto advised Defendant's appellate counsel advised that she would confer with Your Honor and advise whether the Court would act upon the motion to approve the bond. Ms. Soto telephoned Defendant's appellate counsel on September 22, 2004 and advised that the Court required a certificate of conference. Accordingly, Defendant's counsel immediately e-mailed Plaintiff's counsel to confer regarding the motion and ascertain whether Plaintiff's counsel agreed that the motion should be granted. (See e-mail dated September 22, 2004 from Jonathan Ball to Stephen Chapman, attached hereto as Exhibit C).

While Defendant's motion was pending before this Honorable Court, Plaintiff submitted *ex parte* applications to the Eastern District of Michigan for the issuance of non-periodic writs of garnishment to five banks located within that district on September 22, 2004. Moreover, while Defendant's counsel was attempting in good faith to confer with Plaintiff's counsel regarding the motion to approve the supersedeas bond, Plaintiff garnished Defendant's bank account in Michigan on September 23, 2004.

In light of these developments, Defendant requested that this Honorable Court convene a telephonic conference and/or hearing to address the motion to approve the supersedeas bond. The Court scheduled a telephone conference for 2:30 p.m. on Tuesday, September 28, 2004.

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.   Page 4 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al.*, No. 02-cv-00135

Defendant requested leave to fax the instant motion to the Court for filing and consideration at the telephonic conference/hearing.

III. <u>LEGAL ARGUMENT</u>

    A. *The Clerk's certification of the judgment entered June 25, 2004 is void ab initio because Plaintiff was required to file a motion and demonstrate the existence of good cause for permitting the judgment to be registered in another district pending the outcome of Defendant's appeal*

Plaintiff was not entitled to have the judgment certified for registration in another district based upon an *ex parte* application. Where, as here, the judgment sought to be certified for registration has been appealed, 28 U.S.C. § 1963 expressly requires that the party seeking certification file a motion and demonstrate to the satisfaction of the District Court that good cause exists to permit registration of the judgment in another district pending the outcome of the appeal. Because Plaintiff failed to file any motion or provide any notice, the certification issued by the Clerk pursuant to Plaintiff's *ex parte* application must be stricken.

28 U.S.C. § 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any [ ] district court ... may be registered by filing a certified copy of the judgment in any other district [ ], ... when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court for good cause shown* ....

<u>Id.</u> (emphasis added). "Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" <u>Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.</u>, 259 F.3d 1186, 1197 (9th Cir. 2001) (quoting 28 U.S.C. § 1963).[3]

---

[3] Section 1963 was revised in 1988 to permit a showing, upon motion, of good cause for permitting the registration of a judgment in another district during the pendency of an appeal.

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.　　　Page 5 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

A party seeking to register a judgment in another district during the pendency of an appeal may not simply make an *ex parte* application to the Clerk of the Court. Rather, a motion must be filed, and good cause must be demonstrated for permitting the judgment to be registered in another during the pendency of the appeal. See Columbia Pictures, supra; Chicago Downs Association, Inc. v. Chase, 944 F.2d 366, 373 (7th Cir. 1991) (explaining that 28 U.S.C. § 1963 "calls on a *district judge* to make good cause findings while an appeal is pending."); Cheminova A/S v. Griffin L.L.C., 182 F.Supp.2d 68 (D.D.C. 2002); Dyll v. Adams, 1998 WL 60541 (N.D.Tex.) (collecting cases addressing motions requesting permission to register judgments in other districts during the pendency of an appeal). Had Plaintiff filed a proper motion requesting permission to register the judgment in another judgment, Defendant would have been able to oppose the motion on the grounds of its previously stated intention to post a bond. See Cheminova A/S, supra (District Court denied motion to register judgment during the pendency of an appeal where the defendant offered to post bond if so ordered by the Court.)

Inasmuch as the law is clear that registration of judgment during the pendency of an appeal requires a motion and a district judge's finding that good cause exists, the Clerk of this Honorable Court is not empowered to certify the June 25, 2004 judgment for registration in another district during the pendency of Defendant's appeal. Plaintiff violated 28 U.S.C. § 1963 when it presented an *ex parte* application to the Clerk. Accordingly, the Clerk's certification should be stricken as void *ab initio*.

---

Prior to that revision, a judgment could not be registered in another district during the pendency of an appeal. See generally Siegal, Commentary to 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989)

---

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.   Page 6 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

> B.  *In light of Plaintiff's flagrant violation of the motion filing requirement of 28 U.S.C. § 1963 and the substantial harm caused by Plaintiff's improper ex parte request for the Clerk's certification of the June 25, 2004 judgment during the pendency of Defendant's appeal, Defendant should be granted leave to file a motion for sanctions under Fed.R.Civ.P. 11.*

The requirement to file a motion is well-settled. Plaintiff had no basis in law or fact to make an *ex parte* application to the Clerk where 28 U.S.C. § 1963 and a substantial body of case law require a motion practice, including notice and an opportunity for Defendant to be heard. Plaintiff's flagrant violation of this well-settled law has resulted in substantial harm to Defendant because Plaintiff garnished Defendant's bank account while failing or refusing to confer with Defendant regarding the bond that Defendant offered to post.

As Plaintiff has used the improperly gotten certification and garnished Defendant's bank account, and Defendant has been forced to incur additional legal expenses which could have been avoided had Plaintiff followed to proper procedure, the 21 day period provided for in Fed.R.Civ.P. 11(c)(1)(A) is insufficient to avoid the harm that flows from Plaintiff's improper *ex parte* application for certification of the judgment. Accordingly, this Honorable Court should grant Defendant leave to file a motion for imposition of sanctions immediately, as there is no rationale for allowing Plaintiff an additional 21 days to attempt to correct the harm already caused by its flagrant violation of 28 U.S.C. § 1963. In the alternative, the Court should exercise its discretion under Fed.R.Civ.P. 11(c)(1)(B) and order Plaintiff and its counsel to show cause why their improper *ex parte* application to the Clerk did not violate Fed.R.Civ.P. 11(b).

IV. <u>CONCLUSION</u>

The Clerk's certification of the judgment entered June 25, 2004 is a nullity. Due to the pendency of Defendant's appeal, the Clerk was not empowered to certify the judgment for
Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.    Page 7 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

registration in another district. Statutory and case law unquestionably require motion practice before a district judge to obtain certification of a judgment for registration in another district during the pendency of an appeal. Because Plaintiff never filed a proper motion, it necessarily follows that they did not meet their burden top demonstrate good cause for permitting registration – particularly in light of Defendant's professed willingness and intention to file a supersedeas bond. This Honorable Court should therefore strike the Clerk's certification of the judgment.

Plaintiff's conduct in proceeding *ex parte* before the Clerk violates Fed.R.Civ.P. 11(b). Defendant has incurred substantial harm and expense as a result of Plaintiff's improper conduct. Defendant should be granted leave to file a motion for sanctions under Fed.R.Civ.P. 11(c)(1)(A) or, alternatively, the Court should require Plaintiff and its counsel to show cause why they did not violate Fed.R.Civ.P. 11(b) when they proceed *ex parte* before the Clerk of the Court rather than filing and serving upon Defendant a motion seeking permission to register the June 25, 2004 judgment in another district during the pendency of Defendant's appeal.

                                      Respectfully submitted

BY: _____
                                  Jeffrey D. Cohen
                                  ATTORNEY-IN-CHARGE
                                  JANSSEN KEENAN & CIARDI P.C.
                                  2005 Market Street, Suite 2050
                                  Philadelphia, PA 19103
                                  Telephone: (215) 665-8888
                                  Telecopier: (215) 665-8887

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.      Page 8 of 9
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al.*, No. 02-cv-00135

and

Michael A. Pita
State Bar No. 24034628
Federal Bar No. 32169
JEANSONNE & REMONDET, LLC
1200 Smith Street, Suite 2220
Houston, Texas 77002
Telephone: (713) 752-0300
Telecopier: (713) 752-0410


ATTORNEYS FOR DEFENDANT,
THE MASON AND DIXON LINES, INC.

Memorandum of Law in Support of
Defendant's Emergency Motion to Strike Clerk's Certification, etc.
*National Hispanic Circus, Inc. v. Rex Trucking, Inc., et al., No. 02-cv-00135*

Page 9 of 9

# Jonathan Ball

**From:** Jonathan Ball
**Sent:** Tuesday, August 03, 2004 10:13 AM
**To:** 'schapman@BLFMLAW.Com'
**Subject:** National Hispanic Circus

Stephen,

I'm sorry I missed your call yesterday. I wanted to touch base with you regarding this matter.

I will be the attorney primarily responsible for the handling of the defendant's appeal to the Fifth Circuit. The Notice of Appeal was filed in the District Court on July 26, 2004. That same day, we sent you a service copy of the Notice of Appeal by certified mail, return receipt requested, from our office here in Philadelphia. Please confirm whether you received it. If you did not, I'll be happy to fax or e-mail a copy of the Notice of Appeal to you for your file.

I take it from your message that your client is opposed to any agreement not to enforce or execute upon the judgment pending appeal. If that is the case, I will get a bond in place and would request the courtesy of a reasonable amount of time to do so.

In the near future, I will begin the process of identifying matters to be included in the excerpts of record. Please let me know of any matters that your client wants included in the excerpts to assist in this process.

Thanks.

Jon

Jonathan F. Ball
Janssen Keenan & Ciardi P.C.
One Commerce Square
Suite 2050
2005 Market Street
Philadelphia, PA  19103

215-599-7249 (direct)
215-665-8888 (main)
215-665-8887 (fax)

jball@janssenkeenan.com

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION.  IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.

9/28/2004

# U.S. District Court
## Eastern District of Michigan (Detroit)
### CIVIL DOCKET FOR CASE #: 2:04-x-73664-JCO

National Hispanic Circus, Incorporated v. Rex Trucking, Incorporated et al
Assigned to: Honorable John Corbett O'Meara
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: USDC So Texas, Brownsville Division, B-02-00135
Cause: No cause code entered

Date Filed: 09/21/04
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**National Hispanic Circus, Incorporated**     represented by **Christopher E. Mengel**
Berkley, Mengel,
3100 Penobscot Building
Detroit, MI 48226
(313) 961-0220
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Rex Trucking, Incorporated**

**Mason and Dixon Lines, Incorporated**

| Filing Date | # | Docket Text |
|---|---|---|
| 09/21/2004 | 1 | REGISTRATION of Foreign Judgment from District of Texas - Brownsville Division.(DTyle, ) (Entered: 09/21/2004) |
| 09/22/2004 | 2 | NOTICE of Appearance by Christopher E. Mengel on behalf of National Hispanic Circus, Incorporated. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 3 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Charter One Bank. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 4 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Bank One. (LHack, ) (Entered: 09/23/2004) |

| | | |
|---|---|---|
| 09/22/2004 | 5 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Period writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Standard Federal. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 6 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee National City Bank. (LHack, ) (Entered: 09/23/2004) |
| 09/22/2004 | 7 | REQUEST by National Hispanic Circus, Incorporated for issuance of Non Periodic writ of garnishment as to Mason and Dixon Lines, Incorporated and garnishee Huntington National Bank. (LHack, ) (Entered: 09/23/2004) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/23/2004 12:09:15 | | |
| PACER Login: | jk0375 | Client Code: |
| Description: | Docket Report | Case Number: 2:04-x-73664-JCO |
| Billable Pages: | 1 | Cost: 0.07 |

## Jonathan Ball

**From:** Jonathan Ball
**Sent:** Wednesday, September 22, 2004 10:05 AM
**To:** 'schapman@BLFMLAW.Com'
**Subject:** FW: Nat'l Hispanic Circus v. Mason and Dixon Lines, Inc.
**Importance:** High

Stephen,

In follow up to my e-mail of Friday, September 17, and the FedEx you received from me on Monday, September 20, I am writing to let you know that we were advised this morning by Judge Hanen's chambers that MADL's motion for approval of its supersedeas bond requires a certificate of conference. Accordingly, I am now writing to determine your client's position with respect to MADL's request for approval of its supersredeas bond.

In determining its position with respect to MADL's motion, your client should be aware that MADL factored into the amount of the bond all pre-judgment interest awarded by the district court, and two years' worth of post-judgment interest to allow for the duration of the appellate proceedings in order to comply with the requirements of Rule 24.2 of the Texas Rules of Appellate Procedure.

In light of the above, please advise me as soon as possible whether your client has any objection to the form of the bond, the surety issuing the bond, or MADL's interest calculations. I am planning to file a certificate of conference by FedEx today so that the Court will receive it tomorrow morning, and may then act on MADL's motion.

Thank you for your cooperation in this matter.

Jon


Jonathan F. Ball
Janssen Keenan & Ciardi P.C.
One Commerce Square
Suite 2050
2005 Market Street
Philadelphia, PA 19103

215-599-7249 (direct)
215-665-8888 (main)
215-665-8887 (fax)

jball@janssenkeenan.com

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.
-----Original Message-----
**From:** Jonathan Ball
**Sent:** Friday, September 17, 2004 6:11 PM
**To:** 'schapman@BLFMLAW.Com'
**Subject:** Nat'l Hispanic Circus v. Mason and Dixon Lines, Inc.

Stephen,

Attached hereto please find Mason and Dixon Lines, Inc.'s Supersedeas Bond and motion for approval of the bond that are being filed with the district court. Please note that the bond reflects the inclusion of pre- and post-judgment interest at the rate of 2.22 percent as provided for in the district court's judgment. Also, please note that we included two years' worth of post-judgment interest to allow for the duration of the appellate proceedings in order to comply with the requirements of Rule 24.2 of the Texas

Rules of Appellate Procedure.

In that I see no reason why the bond should not be approved by the district court, please refrain from any efforts to enforce or execute upon the judgment.

You will receive a hard copy of letter to the Clerk of Court, the Motion, and the Bond by Federal Express on Monday.

Should you wish to discuss this matter, please feel free to contact me.

Jon

Jonathan F. Ball
Janssen Keenan & Ciardi P.C.
One Commerce Square
Suite 2050
2005 Market Street
Philadelphia, PA  19103

215-599-7249 (direct)
215-665-8888 (main)
215-665-8887 (fax)

jball@janssenkeenan.com

THIS MESSAGE IS INTENDED FOR THE NAMED RECIPIENTS ONLY AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION.  IF YOU ARE NOT A NAMED RECIPIENT, OR IF THIS MESSAGE HAS BEEN TRANSMITTED TO YOU IN ERROR, PLEASE RETRANSMIT TO ME AND THEN DELETE FROM YOUR EMAIL RECORDS.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Emergency Motion to Strike Clerk's Certification of Judgment for Registration in Another District and Motion for Imposition of Sanctions Pursuant to Rule 11 was served by fax and First Class United States Mail, postage pre-paid, on this 28th day of September 2004 on counsel listed below:

> Stephen J. Chapman, Esquire
> Barker, Leon, Fancher & Matthys
> Tower II - Suite 1200
> 555 N. Carancahua Street
> Corpus Christi, TX 78478
>
> Fax (361) 882-9437

Jeffrey D. Cohen